MAX COHEN, RELATOR, v. CHARLES S. THOMPSON, SEC-
RETARY OF THE BOARD OF HEALTH OF THE CITY
OF PERTH AMBOY, AND THE BOARD OF HEALTH OF
THE CITY OF PERTH AMBOY, DEFENDANTS.

Argued May 6, 1925—Decided July 3, 1925.

1. A writ of *mandamus* will not issue to compel a municipal body
   to issue a license, where it appears that the applicant has not
   complied with all the legal requirements entitling him to such
   license.
2. An applicant for a license to conduct a public eating place must
   show that he has complied with the valid municipal regulations
   relative to plumbing and sanitary arrangements, as a prerequisite
   to obtaining the license.

On application for *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Francis A. Monaghan.*

For the defendants, *Stephen F. Somogyi.*

The opinion of the court was delivered by

LLOYD, J.  Max Cohen, the relator, seeks a writ of *man-
damus* to compel the defendants, the board of health of Perth
Amboy and its secretary, to issue a license to the relator to
conduct a public eating place in a lunch wagon.  The relator,
conceding that such license is a prerequisite, made applica-
tion for the necessary license, but was informed in writing
by the board that his "application was laid on the table until
such time as you [he] receive a permit as required by the
ordinance controlling the building department of the city."

If this were the whole case, doubt might arise as to the
right of the board to predicate the issuance of the license on
the relator first obtaining a license from the building de-
partment of the city.  The building department might as well

reply to an application to it that license from the board of health had not yet been procured, and then, driven from one department to the other, the applicant would be in a helpless position.

The agreed state of facts, however, discloses that the relator has failed to comply with the ordinance of the board of health as well as with the provisions of the building code. The ordinance of the board contains these sections:

"Section 3. Before any portion of the plumbing and drainage of any building shall be constructed or reconstructed there shall be filed in the office of the board of health, by the owner or by the plumber or by some other person authorized by the owner, a plan or drawing and written description thereof, signed by the owner, or some other person authorized by the owner, showing the said plumbing and drainage entire, from the connection with the sewer or cesspool throughout the entire building, together with the location of all fixtures, traps and ventilating pipes. Said plans and drawings shall be drawn to a scale in ink and shall consist of such floor plans and sections as may be necessary to show clearly all plumbing work to be done, and must show partitions and the method of ventilating water-closet apartments. No portion of the work shall be executed until plans have been approved by a representative of the board of health, and the name of the owner or his representative and the plumber, who is to do the work, has been affixed to the said plans, and a permit issued for said work.

"Section 5. The board of health shall be notified promptly by the plumber when the plumbing and draining work of any building or any portion thereof is completed and ready for inspection and testing. All inspections and testing shall be made during business hours as soon as possible after such notification. Any such system put in and covered before inspection by a representative of the board of health must be uncovered for inspection."

All that the relator did was to tender with his application the fee of $10 required by the ordinance. It is not claimed

that he produced to the board the plans or drawings showing the plumbing and drainage entire, nor that he notified the board of the completion of drainage and plumbing for the purpose of inspection. These, it is claimed by defendants, justify the refusal of the necessary license, and we think properly. The licensing ordinance is entitled "An ordinance to provide for the licensing, regulation and inspection of public eating-houses and places." The ordinance above quoted is part of the general sanitary code of the board of health.

It is contended by the relator that the board, having placed its refusal of the license on a single ground, cannot now avail itself of the grounds set forth in the agreed state of facts, and, in any event, that the relator has complied with all the conditions of the sanitary code that were preliminary to the issuance of the license. We are not impressed with the first contention. It is the status of the parties and their rights as they may appear in the pleadings that must control. If by them it is shown that the applicant has not complied with all legal requirements entitling him to a license, this court should not command the board to do that which, in effect, would be a violation of its ordinances. As to the second contention, there is nothing to show that the license to operate an eating place must precede the board's approval of the sanitary conditions under which the license should operate. If the license were discretionary in the board there might be force in the claim that the applicant should not be obliged to expend moneys without being assured of favorable action on his application, but the license from the board is not a discretionary one to be granted or withheld at pleasure; it is a right belonging to the applicant when he complies with the applicable laws and ordinances. If the license must precede the board's approval of the plumbing and drainage public health might be seriously endangered by unsanitary conditions. The license is a permit to conduct an eating place, and implies that the place possesses the sanitary safe-

guards to protect the public. This could not be true if, as the relator contends, the board must, in the first instance, grant its license to whomsoever might apply without compliance with the provisions essential to make such license safe.

The writ will be denied, with privilege of applying for an order molding the pleadings if an appeal is desired.