HENRY F. TOULOUSE ET AL.
PETITIONERS FOR WRIT OF CERTIORARI

*vs.*

BOARD OF ZONING ADJUSTMENT,
CITY OF WATERVILLE

Kennebec.   Opinion, April 2, 1952.

*N. C. Marden,* for plaintiffs.

*Arthur B. Levine,* for defendants.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J.   This is a petition for the writ of certiorari made under the provisions of the Public Laws of Maine, Chapter 24, Laws of 1945; Revised Statutes (1944), Chapter 80, new Section 88-A.   The petition for the writ was fully heard by the presiding justice of the Superior Court in Kennebec County.   The petition was granted and the writ ordered to issue directed to the Board of Zoning Adjustment as a board of appeal.   The case comes to the Law Court on exceptions to the order of the Superior Court for the writ to issue.

The facts found by the Board of Zoning Adjustment and recognized by the court on granting the petition for the writ of certiorari, are these: The property in question is located on the Oakland Road in Waterville, and was owned in 1949 by a Mrs. Connell.   Her husband, with her permission, had previously erected a poultry house on the premises

in 1947 and conducted therein the business of raising chickens until in December 1948, when the building ceased to house poultry, although the premises continued to be used for the poultry business. Mr. Connell, with the consent of Mrs. Connell, sold the poultry house on March 29, 1949, and it was removed from the premises. At that time Mr. and Mrs. Connell separated, and Mrs. Connell instituted divorce proceedings. She obtained her divorce in June 1949 and immediately thereafter, on June 16, 1949, sold the premises to Henry F. Toulouse, the petitioner. On December 19, 1949 these petitioners applied to the Building Inspector for a permit to construct a new poultry house upon the premises and for permission to use the premises for conducting a poultry business. The building to be erected to be slightly smaller than the one previously used. On December 22, 1949 the Inspector of Buildings for the city of Waterville granted the permit asked for by Mr. Toulouse. An appeal from the action of the Building Inspector was taken by one Lacombe and interested parties, to the Board of Zoning Adjustment, which Board on February 13, 1950 sustained the appeal and denied the permit. The pending petition was filed on March 14, 1950 with the Superior Court asking for writ of certiorari to order the Board of Zoning Adjustment to certify its records relating to the application for the permit that "they may be presented to this court to the end that the same, or as much thereof as may be illegal may be quashed or modified in whole or in part." Upon hearing on this petition, asking for the writ of certiorari, the court ordered the writ to issue, and the pending exceptions were taken to the order.

The Zoning Ordinance of the City of Waterville was enacted in 1948, and it is conceded that the zoning map places these premises in a restricted residential zone. The ordinance provides that the Inspector of Buildings, in the first instance, has authority to grant, or to refuse, a permit to construct any type of building in the City of Waterville,

with the right of appeal to the Board of Zoning Adjustment. The statute provides that from the decision of the Board of Zoning Adjustment (after appeal from the inspector of buildings) any person aggrieved may petition the Superior Court, setting forth the claims of illegality in the action of the Board of Zoning Adjustment, and the court "may allow a writ of certiorari directed to the board of appeals." Revised Statutes (1944), Chapter 80, new Section 88-A, Public Laws 1945, Chapter 24, Section 4.

Section 5 of the Zoning Ordinance of the City of Waterville, now in question here, provides as follows:

## "NON-CONFORMING USES

Section 5. Any lawful use being made of a building or premises, or part thereof, existing at the time of the adoption of this ordinance, or any amendment thereto, may be continued, although such use does not conform with the provisions hereof. Such building is hereby defined to include a building erected or replaced within one year from the time of loss, destruction or removal of such building, unless the Board of Zoning Adjustment shall find that the delay in restoration or replacement has been due to the unavailability of materials or labor, or both, in which case the Board may grant up to one additional year in which to restore or complete such building. Except as herein provided, if any non-conforming use of buildings or premises is discontinued for a period of one year such use shall be considered abandoned and any future use of said buildings and premises shall be in conformity with the provisions of this ordinance. Such use may be changed, or if in a part of a building or premises designed or intended for such use may be extended throughout such building or premises, provided that application for a permit for such change or extension shall be made to the Board of Zoning Adjustment, and provided further that the Board of Zoning Adjustment shall rule that such change or extended

use is not substantially more detrimental or injurious to the neighborhood."

In this case, the Inspector of Buildings, in the first instance as provided in the ordinance, granted a permit December 22, 1949 to Henry F. Toulouse to construct a poultry house no larger than that previously (March 29, 1949) on the premises, because the use for poultry business had not been discontinued for a period of one year. On appeal the Board of Zoning Adjustment, February 13, 1950, sustained the appeal and refused the permit on the ground that the above Section 5 should be construed and interpreted to mean that "abandonment of a non-conforming use shall immediately render the premises subject to use only in conformity with the ordinance."

These petitioners, Henry F. Toulouse and Grace L. Toulouse, on March 14, 1950, filed this petition with the Superior Court in accordance with said Public Laws 1945, Chapter 24, Section 4, asking for writ of certiorari, and alleging among other things, that the above conclusion to which the Board of Zoning Adjustment came is against the applicable law; the records thereof are erroneous and illegal because the predecessor in title to the property, now of the petitioners, did not abandon the use of said premises for the housing and rearing of poultry; because the use of the premises for the poultry business has never been abandoned; because under this Zoning Ordinance by its express terms, any use lawful at the time of the adoption of the ordinance might be continued although such use did not conform with the provisions of the Zoning Law; and because by the definition in the Zoning Ordinance the building for which permission to build was sought was replacing a building removed from said premises within one year.

Upon hearing on this petition for certiorari, the presiding justice decided that although the facts might indicate an abandonment by the Connells (because of the sale and re-

moval of the poultry house, their divorce, and subsequent sale of the real estate), that by the express provisions of the Zoning Ordinance itself, there was no legal abandonment, as the petitioners within a year from the sale and "removal" of the poultry house sought, by the requested permit, to replace the poultry house. The presiding justice ordered writ of certiorari to issue and to be served on the Board of Zoning Adjustment. The City of Waterville, by its City Solicitor, filed the pending exceptions to this order.

The statute (Public Laws, 1945, Chapter 24, Section 4) instead of providing for a simple statutory appeal to the Superior Court, provides for a verified petition containing specifications of any alleged illegality in the action of a municipal board of appeals under any zoning law, and in the petition, the petitioner asks for and the court may order writ of certiorari directed to the board of appeals to review the action of the board. After the writ is issued, and a hearing on the writ had, the court may affirm, modify or set aside the decision brought up for review, and if need be to order further proceedings by the board of appeals.

Certiorari is a writ issued by a superior to an inferior court of record, or to some other tribunal or officer exercising a judicial function, requiring the certification and return of the record and proceedings, that the record may be revised and corrected in matters of law. Bouvier's Dictionary. Certiorari differs from a writ of error in that it lies when the proceedings are not according to common law. See *Levant* v. *County Commissioners*, 67 Me. 429, 433. It does not lie to enable the Superior Court to revise a decision upon matters of fact. *Lapan* v. *County Commissioners*, 65 Me. 160.; *Hayford* v. *Bangor*, 102 Me. 340. Upon hearing of a petition for writ of certiorari, the question for the court to decide is whether it will issue the writ. If the writ is ordered to issue, the court at *nisi prius* has the jurisdiction to decide what should be done. *Brooks* v. *Clifford*, 144 Me.

370; *Rogers* v. *Brown,* 134 Me. 88; Revised Statutes (1944), Chapter 116, Section 14. These time honored rules regarding certiorari are recognized by the terms of this statute providing for certiorari in zoning cases. See Public Laws 1945, Chapter 24, Section 4.

Zoning is the division of a municipality into districts and the prescription and application of different regulations in each district. 58 Am. Jur. "Zoning," 940, Section 1; Opinion of Justices, 124 Me. 508, 509. The justification for the restrictions imposed by zoning statutes and ordinances is given as "in the interest of health, safety, or the general welfare." Revised Statutes (1944), Chapter 80, Sections 84-87.

Before the adoption of modern zoning laws, the owners of property were restricted in the use of their property only by prohibitions of use recognized by the common law, or statute, as detrimental to the rights of the public. The restrictions of zoning statutes and zoning ordinances authorized by statute, are in derogation to the common law and should be strictly construed. Where exemptions appear in favor of the property owner, the exemptions should be construed in favor of the owner. Ordinances cannot be enlarged by implication. *Houlton* v. *Titcomb,* 102 Me. 272, 284. See *Landry* v. *MacWilliams,* 173 Md. 460, 196 Atl. 293, 114 A. L. R. 984; *Darien* v. *Webb,* 115 Conn. 581, 162 Atl. 690, where there was no one year provision. See also 58 American Jurisprudence "Zoning," 945, Sec. 11, and cases there cited. In regard to statutes in derogation to the common law, see *Lipman* v. *Thomas,* 143 Me. 270, 273.

The defendant says, that in construing the terms of Section 5 of the Waterville Zoning Ordinance (given in full above) that the court should by implication read into this section that upon *abandonment* the right to a non-conforming use is lost, that abandonment can take place within any

space of time, and that the third sentence simply limits the period of discontinuance to one year "so as to prevent the resumption of the use in indefinite times in the future" and "that the provision relating to replacement of buildings was inserted * * * in order not to penalize an owner whose building was destroyed * * * or voluntarily removed with the intention of rebuilding." In other words, the defendant claims that when the Connells sold the poultry house there was abandonment of the non-conforming use, and by abandonment the premises immediately became solely residential.

The petitioners, however, say that the first, second, and third sentences in Section 5 of the ordinance mean something, and that they mean what they say and no more. This ordinance differs from the so-called "Standard Form of Zoning Ordinance" that has been passed upon by authorities in other states. There is no extension of this ordinance by implication. Section 5 states in the first sentence that any lawful use of a building or premises existing at the time of the adoption of the ordinance may be continued. The second sentence says "such building is hereby defined to include a building erected or replaced within one year from the time of loss, destruction or removal of such building." The third sentence "If any non-conforming use of buildings or premises is discontinued for a period of one year, such use shall be considered abandoned." The petitioners contend that under the terms of this ordinance they can only be deprived of the exercise of the use which was lawful, when the zoning ordinance became effective, by discontinuance for one year. The then owner, Mrs. Connell, on or about March 30, 1949, assented to the act of her husband in the sale and removal of the poultry house. She had the right to continue the non-conforming use within a year, and by her sale of the property to the petitioners in June 1949, the petitioners had the right to continue within the year.

The presiding justice, after full hearing on the petition the for writ of certiorari, and in granting the same, sustained the contention of the petitioners. He said in part: "The drafters of the Zoning Ordinance for the City of Waterville and the legislative body of the City of Waterville saw fit to set forth affirmatively that a non-conforming use "is hereby defined to include a building erected or replaced within one year from the time of * * destruction or removal of such building." * * "The petitioners within a year sought by a requested permit to replace the poultry house after the removal of the former poultry house, and the petitioners were within the affirmative and positive and elaborated concession to a non-conforming use set out in Section 5."

The procedure adopted in this case of hearing the whole case on the petition for the writ of certiorari was proper. When, however, "the case is before the court on the writ, all evidence extrinsic to the record is excluded." *Levant* v. *County Commissioners*, 67 Me. 429; *State* v. *Madison*, 63 Me. 546.

The decision of the Superior Court, that the writ of certiorari issue, was correct.

*Exceptions overruled.*