**James FLETCHER et al.**

v.

**Gordon S. FEENEY et al. and St. Regis Paper Company.**

Supreme Judicial Court of Maine.

April 26, 1979.

---

Wilson, Steinfeld, Murrell, Barton & Lane by Paul C. Fernald (orally), Portland, for James Fletcher, plaintiff and Natural Resources Council of Me., intervenor.

Edward Lee Rogers, Augusta, for Natural Resources Council of Me.

Cabanne Howard, Asst. Atty. Gen. (orally), Augusta, for Attorney General, as amicus curiae.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by James G. Good (orally), Daniel E. Boxer, Portland, Michael Leonard, Machias, for Municipal Officers of Town of Northfield.

Before POMEROY, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

On April 26, 1978 appellee, St. Regis Paper Company (St. Regis), applied to the Planning Board of the Town of Northfield, Maine for permission to construct a bridge across the Machias River at Holmes Falls in Northfield. After public hearings, the Planning Board authorized the project.

Following an unsuccessful attempt at administrative appeal of the Planning Board's decision, appellant James Fletcher filed a complaint in the Superior Court, Washington County, pursuant to Rule 80B of the Maine Rules of Civil Procedure, Rule 57 of the Maine Rules of Civil Procedure, 1 M.R.S.A. § 404–A(2), and Part IV, Section (6)(B) of Northfield's Zoning Ordinance.[1] As subsequently amended, the complaint alleged that the bridge would impair plaintiff's recreational and aesthetic use and enjoyment of the bridge site. Fletcher, a Machias resident, alleged that he is an outdoorsman who has in the past hunted, fished, camped and canoed at the bridge site. A motion for a stay of the Planning Board's order also accompanied the complaint. This motion named as defendants St. Regis, the municipal officers of Northfield, and the Northfield Planning Board.

On June 14, 1978, St. Regis filed its answer, together with a motion to dismiss. This motion claimed as its grounds that, *inter alia,* plaintiff lacked standing to maintain the action both because he was neither a resident, property owner, or taxpayer of Northfield and because the bridge site was entirely private property to which plaintiff had no right of access.

On June 15 the National Resources Council of Maine and certain individuals moved to intervene as plaintiffs. Plaintiff Fletcher also moved for leave to file an amended complaint.

A Superior Court hearing to consider these motions was held on July 19, 1978. Plaintiff's motion to amend was granted without objection, and applicants were permitted to intervene.

On the basis of affidavits, briefs, and arguments presented, however, the Court also granted the motion of St. Regis to dismiss for lack of standing, with respect to both plaintiff and intervenors. Plaintiff's motion for a stay of the Planning Board's order was denied.

Plaintiff subsequently moved for findings of fact and conclusions of law, M.R.Civ.P., Rule 52.° By order dated July 3, 1978, the Court denied the motion for findings of fact, and stated that

> [t]he only conclusion of law, which the Court considered dispositive, [is] that Section 4811 of Title 12 M.R.S.A. [does] not create such a personal interest in users of inland waters as would afford the plaintiff standing.[2] . . .

Plaintiff and intervenors filed notice of appeal. A second motion for a stay, in this instance pending appeal to this Court, was filed, heard and denied. The bridge has been constructed as approved by the Board, and is presently in use.

Finding the Court below to have acted without jurisdiction, we remand this case to the Superior Court, with instructions to vacate its order dismissing the complaint for lack of standing, and to enter an order directing the Selectmen of Northfield to establish a zoning board of appeals, so that plaintiff might prosecute his appeal through that channel.

This controversy is rooted in a local ordinance promulgated pursuant to state statute. In 1971 the Legislature enacted the Shoreland Zoning Act, 12 M.R.S.A. § 4811 *et seq.,* requiring cities and towns to adopt zoning and subdivision control ordinances with respect to the shoreland areas defined in § 4812. The preamble to the Act declared the intention of the Legislature to be:

> To aid in the fulfillment of the state's role as trustee of its waters and to promote public health, safety and general

---

1. Rule 80B provides for Superior Court review of governmental action or inaction where such is *"provided by statute or is otherwise available by law";* Rule 57 provides for declaratory judgments pursuant to 14 M.R.S.A. §§ 5951–5963; 1 M.R.S.A. § 404–A(2) provides in certain circumstances for statement of reasons and findings of fact by an agency following action on a permit application; as to Ordinance Part IV, Section (6)(B), see *infra,* n. 5.

2. 12 M.R.S.A. § 4811 *et seq.,* P.L.1971, c. 535. The Shoreland Zoning Act provided for the establishment of mandatory zoning and subdivision control over certain shoreland areas. The Ordinance at issue was passed in response to this Act.

welfare, it is declared to be in the public interest that shoreland areas defined as land within 250 feet of the normal high water mark of any pond, river or salt water body to be subject to zoning and subdivision controls.

In response to this Act, the Town of Northfield in the spring of 1974 adopted a zoning ordinance creating a protected district of lands within 250 feet of the banks of certain waters, including the Machias River. While the ordinance also authorized a Planning Board to administer its provisions, it did not specify the number, tenure, or method of selection of members. A separate Article of the town meeting which adopted the Ordinance, however, authorized the Selectmen to act as a Planning Board if one were needed.

The ordinance further provided a procedure for appeal, which might be taken by "any person aggrieved" by a decision, and directed the Selectmen to appoint a Board of Appeals.[3] No Board of Appeals was ever appointed, however. Accordingly, plaintiff determined that his proper recourse from an unfavorable determination was an appeal to the Superior Court premised on Rules 80B and 57 of the Maine Rules of Civil Procedure.

In its order granting defendants' motion to dismiss, the Court below did not address the issue raised by the apparent lack of an adequate administrative appeal. We, however, consider it determinative of this appeal.

The effect of a municipality's failure to establish a statutorily mandated board of zoning appeals has never been addressed by the Maine courts. Tribunals of other jurisdictions have reached conflicting conclusions. See 3 R. Anderson, *American Law of Zoning*, § 17.14 (2d ed. 1977); 8A E. McQuillin, *Municipal Corporations* § 25.231 (3d ed. 1976).

New Jersey courts have held that creation of an appeals board, where called for

by the enabling act conferring the zoning power, is essential to the validity of a zoning ordinance. *Duffcon Concrete Products, Inc. v. Borough of Cresskill*, 1 N.J. 509, 64 A.2d 347, 351 (1949); *Finn v. Municipal Council of City of Clifton*, 136 N.J.L. 34, 53 A.2d 790, 792 (1946). The Supreme Court of Missouri has agreed, concluding in one case that

> [w]e are constrained to hold that the provisions of the Enabling Act requiring the local legislative body to provide for the appointment of a 'Board of Adjustment' . . . is a mandatory provision of the act. . . . [C]ompliance with these requirements is essential to the validity of any zoning ordinance . . . passed under the authority of the act. *State ex rel. Kramer v. Schwartz*, 336 Mo. 932, 82 S.W.2d 63, 67 (1935).

The ordinance enacted in that case was thus held "*invalid, because . . . [inter alia] no provision [was] made in the ordinance for the creation of a 'Board of Adjustment,' consisting of five freeholders, such as is required by the Enabling Act of 1925.*" 82 S.W.2d at 67–68.

In each of these cases, it must be noted, the ordinance at issue failed utterly even to *provide for* a board of appeals. The distinction was made, though not explicitly referred to, in a later New Jersey decision, *Michaels v. Township Committee of Pemberton Township*, 3 N.J.Super. 523, 67 A.2d 324 (1949). In *Michaels* plaintiff contended that the ordinance was illegal because a board of appeals mandated by statute had not been appointed. The Court concluded otherwise:

> Plaintiff contends "the essential machinery of the zoning law not having been provided in fact for the benefit of this plaintiff, it is just as much wanting as if it had not been provided in law." However, if the plaintiff wished to obtain a variance he was not without means of adequate relief. On proper application

---

**3.** A Maine municipality which adopts a zoning ordinance must also establish a board of appellate review. 30 M.R.S.A. § 4963(1) (1972). Ordinances adopted pursuant to the Act are deemed pursuant to and consistent with a municipality's comprehensive plan. 12 M.R.S.A. § 4812–A. P.L.1973, c. 564.

the court could have awarded the appropriate writ to compel the appointment of the necessary members to permit the board of adjustment to function. *Oliva v. City of Garfield, 1 N.J. 184, 62 A.2d 673 (1948).*

67 A.2d at 329.

Our neighboring state of New Hampshire, however, has gone further. Considering a case in which the municipality had, as in the instant case, authorized a board of appeals but failed to appoint one, the Supreme Court held the defect to be fatal.

*In this state, as bearing upon the necessity of such a Board, we have decided that any alleged errors by the Zoning Commission or Building Inspector must be passed upon by the Zoning Board of Adjustment before any appeal can be taken to the Superior Court.* [Citations omitted.]

*In short, we hold that the Board of Adjustment is an essential cog in the entire scheme of a zoning ordinance, and that lacking it, the ordinance before us is invalid as a zoning ordinance.*

*Town of Jaffrey v. Heffernan,* 104 N.H. 249, 183 A.2d 246, 249 (1962).

The New York courts, however, have explicitly taken the position (as did *Michaels, supra*) that a municipality's failure to establish a *functioning* board of appeals does not invalidate its zoning ordinance. This is true notwithstanding a statutory mandate for such a board. *Leone v. Brewer,* 259 N.Y. 386, 182 N.E. 57 (1932), *rearg. den.* 260 N.Y. 604, 184 N.E. 111. The remedy for a New York litigant prejudiced by a municipality's default in the appointment of such a board is a mandamus action to compel such appointment as provided for by the enabling statutes. *Leone v. Brewer, supra,* 259 N.Y. at 389, 182 N.E. 57. Other jurisdictions have adopted this approach. We view this approach as superior to that suggested in *Town of Jaffrey,* supra.

■ Rule 80B, M.R.C.P. provides for review of governmental inaction as well as action. An 80B action may lie where once the extraordinary writs of certiorari, mandamus and prohibition were appropriate. *Clark v. State Employees Appeals Board,*

Me., 363 A.2d 735 (1976) (mandamus); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1, n. 7.5 (Supp.1977).

■ In this case plaintiff Fletcher, in his amended complaint, included the following Count:

*COUNT I*

18. *The failure of the Defendant Selectmen to appoint members of the Board of Appeals has denied the Plaintiff an administrative relief of the decision of the Planning Board contrary to the provisions of said Part IV, Section 5R of the Ordinance.*

*WHEREFORE, the Plaintiff prays that this Honorable Court will:*

*(a) Order the Defendant Municipal Officers to appoint members to the Board of Appeals;*

*(b) Remand the matter to the Board of Appeals for conduct of the administrative appeal provided for in the Ordinance ;*

.  .  .  .  .

The court erred in not granting this relief.

■ The Ordinance at issue provides, in Part IV, Section (5)(R), for appeal to an Appeals Board; Part IV, Section (4)(D)(vii)(b) grants jurisdiction to that Board to hear an appeal by any person affected directly or indirectly by the initial decision of the Planning Board. A second avenue of review is said to be provided by Part IV, Section (6)(B), permitting appeal to the Superior Court by "*any person .  .*

*providing that such person can show a substantial direct or indirect interest in the subject matter of the appeal. Appeal to the Superior Court shall be a trial de novo without a jury* ".

We hold, however, that insofar as it purports to establish an alternative route of appeal this latter provision is a nullity. The municipality has no power to confer by ordinance jurisdiction upon the Superior Court to hear an appeal directly from the

Planning Board in derogation of the statutory scheme.[4] *Portland Pipe Line Corp. v. Environmental Impr. Com'n.,* Me., 307 A.2d 1, 15 (1973); *Sears, Roebuck & Co. v. City of Portland,* 144 Me. 250, 68 A.2d 12, 14–15 (1949); *see also, Baer v. Lonsdorf,* 390 Pa. 175, 135 A.2d 61 (1957).

■ An appeal from an initial zoning determination, before it may be presented for judicial review, must be considered by the appeals board provided by 30 M.R.S.A. § 4963. No valid authority has been cited to us giving any right of appeal to the courts from an initial decision of a zoning board.[5]

The complication introduced into this case by Northfield's failure to constitute an appeals board may be resolved as the Supreme Court of Connecticut has in a like case:

> The fact, if it be as stated in the plaintiff's brief, that no board of adjustment was ever appointed in the city of Norwalk cannot change the result; such a failure could not supply the place of statutory authority for the appeal.

*Long v. Zoning Commission of City of Norwalk,* 133 Conn. 248, 50 A.2d 172, 174 (1946).

■ The Superior Court was, therefore, without jurisdiction to entertain this "*appeal*". The Court was empowered, however, to order the establishment of a board of appeals. It erred in declining to do so and in proceeding to address the issue of appellants' standing. Although it is a

threshold issue, standing may be considered only by a court having subject matter jurisdiction of the case. Jurisdiction is the essential basis upon which all court powers rest, and even willing submission by the parties of their dispute cannot confer it. *Poulin v. Poulin,* Me., 241 A.2d 611, 612 (1968); *Bove v. Board of Review of City of Newport,* 95 R.I. 197, 185 A.2d 751, 752 (1962); *Long v. Zoning Commission, supra,* 50 A.2d at 174–175. So too, that plaintiff in his appeal to this Court failed to fully brief and argue this issue[6] does not preclude our reaching it. If the Court below lacked jurisdiction we can proceed no further, and must notice it of our own volition. Rule 12(h)(3), M.R.Civ.P.; *Ginn v. Penobscot Company,* Me., 342 A.2d 270, 274 (1975); *Cf. Casco Bank & Trust Co. v. Johnson,* Me., 265 A.2d 306, 308 (1970) (report of case).

This Court has recently dealt, in a different context, with the issues of administrative remedies, exhaustion, and judicial review raised here. In *Gagne v. Lewiston Crushed Stone Company, Inc.,* Me., 367 A.2d 613 (1976) we concluded that

> plaintiffs [have] failed to appeal the decision of the building inspector to the zoning board of appeals, as the initial step necessary to achieve a direct judicial review, first, in the Superior Court (under Rule 80B M.R.C.P.) and thereafter in this Court, and, therefore, plaintiffs are barred from *collateral* judicial review of the merits of their substantive claims of

---

4. The Ordinance language leaves unclear whether Part IV, Section (6)(B) is intended to apply following a Planning Board decision, or only after a Board of Appeals ruling. Its language parallels that of 30 M.R.S.A. § 2411(3)(F), the statutory authority for review of Board of Appeals decisions.

5. The Attorney General, in his *amicus curiae* brief, suggests that our holdings in *Whiting v. Seavey,* 159 Me. 61, 188 A.2d 276 (1963) and *Toulouse v. Board of Zoning Adjustment, City of Waterville,* 147 Me. 387, 87 A.2d 670 (1952) would provide independent jurisdictional grounds. In *Whiting* we addressed the meaning of 30 M.R.S.A. § 2411(3)(F), *supra,* n. 5, but were concerned with a situation in which no provision for appeal to a zoning board of ap-

peals existed. The instant case is distinguishable: the principle of statutory review set forth in *Whiting* survives, but only upon completion of the administrative process. The same consideration applies to the action in the nature of certiorari, 14 M.R.S.A. § 5301, considered in *Toulouse*; the administrative appeal process must first be exhausted. *See also, Cunningham v. Kittery Planning Board,* Me., 400 A.2d 1070 (4/24/79).

6. Appellant's brief addresses the issue only in its Statement of the Case, and little argument or authority was advanced in this regard at oral argument. Assuming without deciding that the point was waived, we nevertheless must find it determinative.

*administrative violation of the Lewiston Zoning Ordinance.*

367 A.2d at 615 (emphasis in original).

We conclude here, as in *Gagne,* that the Legislature has provided a remedy at law, intended to be exclusive, which bars the exercise of Superior Court jurisdiction if such remedy is adequate. Specifically, 30 M.R.S.A. §§ 2411 and 4963 provide for an appeal from action (or inaction) of the Planning Board to the zoning board of appeals, and from that board directly to the Superior Court in a Rule 80B action, the Superior Court judgment being finally subject to this Court's review. *Gagne, supra,* at 618. Whatever inadequacy of remedy was presented by the lack of a functioning appeals board was amenable to correction by an action in the nature of mandamus,[7] and no further proceedings could be taken on the case until such remedy was fully available and finally exhausted. *See Country Lands, Inc. v. Swinnerton,* 151 Conn. 27, 193 A.2d 483, 486 (1963); *Bois v. City of Manchester,* 104 N.H. 5, 177 A.2d 612, 615 (1962); *Conlon v. Board of Public Works of City of Paterson,* 11 N.J. 363, 94 A.2d 660, 664 (1953). Our decision, even if not compelled by jurisdictional considerations, would be warranted by the principles of exhaustion of administrative remedies and of primary jurisdiction addressed in *State ex rel. Brennan v. R. D. Realty Corp.,* Me., 349 A.2d 201 (1975).

In ordinary cases, where an action of this nature is inappropriate, jurisdiction is vested solely and exclusively in the zoning board of appeals. *Suburban Group, Inc. v. Gittings,* 22 Pa.Cmwlth. 295, 348 A.2d 490, 492 (1975). The courts should not

establish themselves as zoning boards for municipalities, and immediate recourse to the courts must be avoided both to prevent circumvention of the statutory scheme and to allow interested parties the fuller opportunities for participation offered by local boards. In the instant case, however, the extraordinary remedy in the nature of mandamus was appropriate, the Selectmen of Northfield being under a statutory duty to perform the ministerial act of appointing a zoning board of appeals. 30 M.R.S.A. §§ 2411, 4963. *Compare, Nicholas v. Charter Township of Watertown,* 43 Mich.App. 510, 204 N.W.2d 365 (1972).

We, therefore, hold that the Superior Court erred in granting defendants' motion to dismiss for lack of standing, having found the Court without jurisdiction to so decide. On remand, the Court shall order appointment of a zoning board of appeals, before which appellants[8] may bring their contentions. The board, for its part, should ease subsequent judicial review of its actions by making adequate factual findings, as well as by maintaining records in accordance with Ordinance Part IV, Section 4(D)(vii)(b).[9]

The entry must be:

Appeal sustained.

Case remanded to the Superior Court, with instructions to vacate its judgment and to enter an order compelling the Selectmen of the Town of Northfield to appoint a zoning board of appeals as mandated by 30 M.R.S.A. § 4963.

McKUSICK, C. J., and WERNICK and DELAHANTY, JJ., did not sit.

---

7. See 2 Field, McKusick & Wroth, *Maine Civil Practice,* § 81.9 (2d ed. 1970).

8. The record is unclear as to the participation of either Fletcher or the Natural Resources Council of Maine in the original proceedings. Whether those facts may affect the right to appeal before the zoning board of appeals is a question on which we express no opinion. *See generally, Baker v. Zoning Hearing Board of West Goshen Township,* 27 Pa.Cmwlth. 602, 367 A.2d 819 (1976).

9. On the importance of factual findings in zoning decisions see the opinion of Chief Judge Cardozo in *People ex rel. Fordham Manor Reformed Church v. Walsh,* 244 N.Y. 280, 155 N.E. 575 (1927). *See also Girouard v. Zoning Board of Appeals,* Oct. 2, 1972, York County Docket No. 2549 (Glassman, J.) (Board grant of variance set aside when record so inadequate as to make it impossible to determine facts found and rationale of decision.) *See* also Comment, Administration of Zoning in Maine, 20 Me.L.Rev. 207, 208–211 (1968).