**George BENJAMIN et al.**

v.

**Lucien HOULE et al.**

Supreme Judicial Court of Maine.

Argued May 12, 1981.

Decided June 26, 1981.

Isaacson, Isaacson & Hark, Robert S. Hark, (Orally), Lewiston, for plaintiffs.

Linnell, Choate & Webber, G. Curtis Webber, (Orally), Auburn, for defendants.

Before McKUSICK, C. J., and WER-NICK, NICHOLS, ROBERTS and CAR-TER, JJ.

McKUSICK, Chief Justice.

This appeal presents the question of whether a municipal ordinance requiring a permit for excavation of gravel constitutes "zoning" within the meaning of 30 M.R.S.A. § 4962(1)(H).[1]

On July 25, 1979, defendant Auburn Planning Board issued a one-year excavation permit to defendant Lucien Houle. The purpose of the excavation was to remove gravel from land owned by defendant Louis Allain. After issuance of the permit plaintiffs, who own land adjoining Allain's, attempted to appeal the Planning Board decision to the Board of Appeals of the City of

1. 30 M.R.S.A. § 4962 (1978 & Supp.1980) provides in pertinent part:

**Zoning ordinances**

   1. **Terms.** Any zoning ordinance, or provision thereof, adopted pursuant to the home rule power granted to all municipalities under the Constitution, Article VIII, Part Second and chapter 201–A, specifically section 1917, shall be subject to the following. In the preparation of a zoning ordinance, the public shall be given an adequate opportunity to be heard.
   A. Such ordinance or provision shall be pursuant to and consistent with a comprehensive plan adopted by its legislative body.

B. A zoning map describing each zone established or modified shall be adopted as part of the zoning ordinance or incorporated therein. Any conflict between said zoning map and a description by metes and bounds shall be resolved in favor of the description by metes and bounds.

. . . .

H. For the purposes of this subchapter, "zoning" is defined as the division of a municipality into districts and the prescription and reasonable application of different regulations in each district.

Auburn. The Board of Appeals refused to entertain the appeal on the ground that the issuance of the gravel permit was reviewable only by the Superior Court in an action brought pursuant to M.R.Civ.P. 80B. Following that ruling, plaintiffs commenced a Superior Court action seeking alternative forms of relief. On June 11, 1980, the Superior Court (Androscoggin County) ordered the Board of Appeals to take jurisdiction over plaintiffs' appeal and dismissed the Rule 80B count. No party appealed from that Superior Court decision.

On July 8, 1980, the Planning Board, over plaintiffs' objections, renewed defendant Houle's gravel permit for nine years. Plaintiffs promptly appealed the renewal of Houle's permit to the Board of Appeals. On July 28, 1980, the Board of Appeals refused to hear the appeal from the permit extension, but this time gave as an additional reason for its refusal a recent amendment to the Auburn ordinances providing that appeals from decisions of the Planning Board be taken directly to the Superior Court. At the same time, the Board of Appeals also refused to review the granting of the original permit, on the ground that the expiration of the one-year permit had mooted any appeal.

Plaintiffs again appealed both matters to the Superior Court. After hearing the court ordered the Board of Appeals to hear both appeals and decided that the ordinance purporting to establish a right of judicial review without resort to the Board of Appeals was invalid because of this court's decision in *Fletcher v. Feeney*, Me., 400 A.2d 1084 (1979). In *Fletcher* we held that "[a]n appeal from an initial zoning determination, before it may be presented for judicial review, must first be considered by the appeals board provided by 30 M.R.S.A. § 4963." *Id.* at 1089. Because we find that the municipal regulation of excavation is not included within the meaning of "zon-ing" as defined in 30 M.R.S.A. § 4962(1)(H), we vacate the judgment of the Superior Court.

■ Zoning is legislative action that functions as one part of a general plan of community development. *See* 82 Am. Jur.2d *Zoning and Planning* § 2 (1976). As a tool for community development, zoning regulations "permit a municipality to apply constant and consistent pressure upon landowners to the end that land use will be guided by the community plan and public interest." 1 R. Andersen, *American Law of Zoning* § 1.13 at 20 (2d ed. 1976).

■ Under 30 M.R.S.A. § 4962(1)(H), "zoning" is given a restricted definition, namely, "the division of a municipality into districts and the prescription and reasonable application of different regulations in each district." By contrast, article 8, § 8.1(a) of the Auburn ordinances [2] prohibits the removal of gravel from *any* land in the city except as such removal may be authorized by the Planning Board. In our view that provision is not "zoning." Whereas the ordinance regulating removal of gravel is a general and uniform citywide regulation, zoning involves, by statutory definition, a particularistic division of the city into zones for the purpose of applying different proscriptions and "reasonable application of different regulations" in the different zones.

By section 4962, state law dictates that when a municipality adopts a zoning ordinance, certain mandatory provisions come into play, such as the requirement of a comprehensive plan adopted by the municipality's legislative body [section 4962(1)(A)] and the requirement of a zoning map [section 4962(1)(B)]. Most importantly for the purposes of the present litigation, the promulgation of a zoning ordinance by a mu-

---

2. Article 8, § 8.1(a) of the Auburn ordinances provides:

    (a) The removal of sod, loam, soil, clay, sand, borrow, gravel or stone from any land in the City of Auburn not in public use is hereby prohibited except such removal as may be authorized in any zoning district by a permit issued by the Planning Board or is otherwise permitted under this chapter.

nicipality automatically brings with it the establishment by force of state law, pursuant to 30 M.R.S.A. § 4963,[3] of a board of appeals with statutory responsibilities. Clearly, it would not be within the legislature's purpose to require a "comprehensive plan," a "zoning map" and a board of appeals merely to interpret the provisions of the municipal ordinance, if the City of Auburn had no ordinance dividing the city into zones for land use regulation and had only a permit requirement for excavation anywhere in the city. The legislature avoided the absurdity of the contrary result by carefully delineating what constitutes zoning for the purpose of imposing mandatory requirements upon municipalities.

When a municipality does undertake zoning, as defined in section 4962(1)(H), the interposition of a zoning board of appeals between the zoning enforcement officer and Superior Court review serves an obviously important purpose. When a municipality is divided into different zones with different proscriptions and land use regulations, questions of ordinance interpretation and of fairness and equal treatment multiply, and it also becomes desirable to have a municipal review mechanism through which variances and special exceptions may be granted. Not to the same degree, if at all, are those functions for a board of appeals needed in regard to a citywide excavation permit ordinance.[4]

The limited construction that the legislature intended for the term "zoning" is also emphasized by comparing the zoning board of appeals that is mandated by section 4963(1) of title 30, and the board of appeals that a municipality is by section 2411(1)[5] of the same title *permitted* to set up. In sharp contrast to the legislatively mandated jurisdiction of a zoning board of appeals, a municipality is given a completely free hand to decide whether to have any further board of appeals at all and if so, what matters to

3. 30 M.R.S.A. § 4963 (1978 & Supp.1980) provides:

> § 4963. Zoning adjustment
> 1. Establishment. A board of appeals is established in any municipality which adopts a zoning ordinance for the purpose of hearing appeals from actions or failure to act of the office charged with the enforcement of the zoning ordinance. Such board of appeals shall be governed by section 2411, except that section 2411, subsection 2 shall not apply to boards existing on September 23, 1971.
> 2. Powers. In deciding any appeal:
> A. The board may interpret the provisions of the ordinance which are called into question;
> B. The board may approve the issuance of a special exception permit or conditional use permit in strict compliance with the ordinance; and provided the municipality has not authorized the planning board, agency or office to issue said permits;
> C. The board may grant a variance in strict compliance with subsection 3.
> 3. Variance. A variance may be granted by the board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:
> A. That the land in question cannot yield a reasonable return unless a variance is granted;
> B. That the need for a variance is due to the unique circumstances of the property and not

> to the general conditions in the neighborhood; and
> C. That the granting of a variance will not alter the essential character of the locality.
>
> A municipality may, in a zoning ordinance, adopt additional standards for the granting of a variance, including, but not limited to, a provision that a variance may only be granted for a use permitted in a particular zone.
> 4. Parties. The board shall reasonably notify of any hearing, the petitioner, the planning board, agency or office and the municipal officers and such persons shall be made parties to the action. All interested persons shall be given a reasonable opportunity to have their views expressed at any hearing.

4. The fact that Article 8, § 8.1(a) of the Auburn ordinance, requiring a Planning Board permit for gravel excavation anywhere in the City of Auburn, *see* n. 2 above, is positioned among other provisions that are clearly zoning, is not meaningful on the issue now before this court.

5. 30 M.R.S.A. § 2411(1) (Supp.1980) provides:

> § 2411. Board of appeals
> 1. Establishment. A municipality may establish a board of appeals and, unless provided otherwise by municipal charter the municipal officers shall appoint the members and determine their compensation. It is intended that all boards of appeals established subsequent to September 23, 1971 be governed by this section.

put within its jurisdiction. 30 M.R.S.A. § 2411(4).[6] Section 2411 is consistent with the home rule powers that the Maine Constitution has given municipalities generally. Me.Const. art. VIII, pt. 2, § 1 (Supp.1980); *cf. Inhabitants of Town of Boothbay Harbor v. Russell*, Me., 410 A.2d 554, 559 (1980). To construe the term "zoning" to encompass a citywide excavation permit requirement would, because of the statutory consequences that flow from such a construction, run counter to home rule principles. The City of Auburn declared by its ordinance amendment during the pendency of the present controversy that appeals from the issuance of excavation permits would not be within the jurisdiction of its board of appeals. None of the considerations that justify a municipal-level quasi-judicial review of typical zoning decisions requires invalidation of the City of Auburn's assertion of home rule powers to make the decisions of its Planning Board subject only to court review.

Plaintiffs contend that they are entitled to a Board of Appeals review of the issuance of the gravel permit to Houle by virtue of our decision in *Fletcher v. Feeney, supra.* We cannot agree. That case involved a local ordinance passed under the legislature's mandate in the Shoreland Zoning Act, 12 M.R.S.A. § 4811 *et seq.*, "that shoreland areas defined as land within 250 feet of the normal high water mark of any pond, river or salt water body ... be subject to zoning and subdivision controls." The town of Northfield had by ordinance pursuant to that zoning mandate required the issuance of a permit for certain specified activities in an area of the town that came within the legislative description of a shoreland area. The court in *Fletcher* found that in that particular area of Northfield, certain activities, including the bridge construction specifically involved in that case, were regulated by zoning. Since the requirement of a permit for excavation anywhere in the City of Auburn is not "zoning," the holding in *Fletcher* is in no way inconsistent with our decision today.

In view of the limited meaning of zoning in 30 M.R.S.A. § 4961, the City of Auburn was free, under 30 M.R.S.A. § 2411, to withhold jurisdiction of its Board of Appeals over attempted appeals from the Planning Board's decisions on excavation permits. In the absence of any appellate review at the municipal level, the action of the City's planning board is subject to direct review by the Superior Court under M.R.Civ.P. 80B.

The entry shall be:

Judgment of the Superior Court vacated.

Case remanded to the Superior Court for further proceedings in accordance with the opinion herein.

Costs on appeal allowed to appellants.

All concurring.

---

6. 30 M.R.S.A. § 2411(4) (1978) provides:

    **4. Jurisdiction.** Any municipality establishing a board of appeals under this section may vest the board with the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, rule or failure to act of any officer, board, agency or other body where such appeal is necessary, proper or required. *No board created under this section may assert jurisdiction over any matter unless the municipality has by ordinance specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board.* Any board of appeals operating under this section shall hear any appeal submitted to the board in accordance with Title 28, section 702. (Emphasis added)