STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss.  CIVIL ACTION
DOCKET NO: AP-07-084
RAC-Cum-2/5/2008

BARRY CURTIS, JR.,  2008 FEB -5 A 10: 38

Plaintiff,

ORDER

v.

RONALD L. SEEKINS, DDS, PA,  DONALD L. GARBRECHT
LAW LIBRARY

Defendant,  FEB 1 2 2008

This case comes before the Court on appeal by Barry Curtis, Jr. (Mr. Curtis) pursuant to M.R. Civ. P. 76D of a dismissal entered in District Court of his small claims action against Appellee, Ronald L. Seekins, DDS (Dr. Seekins).

## PROCEDURAL AND FACTUAL BACKGROUND

Mr. Curtis filed a complaint in District Court on April 10, 2007 seeking damages from Dr. Seekins for Dr. Seekins' alleged failure to complete dental work. The failure to complete the work allegedly caused Mr. Curtis great discomfort. On June 13, 2007 Mr. Curtis filed an amended complaint on a breach of contract theory alleging that Dr. Seekins failed to complete dental work that was billed and paid for. Dr. Seekins' motion to dismiss was granted on July 19, 2006 with prejudice for lack of subject matter jurisdiction (Beaudoin, J.).

On July 29, 2007, Mr. Curtis filed a motion to modify the dismissal to be without prejudice in order that he might file the claim correctly pursuant to procedures set forth in the Maine Health Security Act (MHSA). 24 M.R.S.A. §§ 2501 -2987. That motion was denied.

On appeal the parties argue whether or not MHSA applies to this action. Mr. Curtis asserts that it does not apply because it is not an action in negligence.

1

Dr. Seekins counters that MHSA applies regardless because it is broadly construed to encompass all claims brought against healthcare practitioners.

## DISCUSSION

### I. Standard of Review

A party may appeal a judgment of the district court to the Superior Court, and this Court's review of a district court judgment is restricted to legal questions. M.R. Civ. P. 76D. Factual determinations of the district court will be upheld unless they are "clearly erroneous." *Id.* When considering a motion to dismiss for subject matter jurisdiction, the court "does not draw inferences favorable to the pleader, but should consider any material outside the pleadings submitted by the pleader and the movant." *Davric Maine Corp. v. Bangor Historic Track, Inc.,* 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028 (citations and quotations omitted). "Jurisdiction is the essential basis upon which all court powers rest, and even willing submission by the parties of their dispute cannot confer it." *Fletcher v. Feeney,* 400 A.2d 1084, 1089 (Me. 1979) (citations omitted).

### II. Maine Health Security Act (MHSA)

Mr. Curtis asserts that his claim, amended as a claim for breach of contract, does not fall under the procedural dictates of the MHSA. The MHSA was enacted in response to a perceived "national crisis in the availability and cost of medical malpractice insurance." *Saunders v. Tisher,* 2006 ME 94, ¶ 15, 902 A.2d 830, 834. Any action "for professional negligence against a health care provider or practitioner" must be brought under MHSA. *Id.* ¶ 12, 902 A.2d at 833. An action for professional negligence is defined as "any action for damages for injury or death against any health care provider, its agents or employees, or health care practitioner, his agents or employees whether based upon tort or

2

breach of contract or otherwise, arising out of the provision or failure to provide health care services." 24 M.R.S. § 2502(6) (2007).

The law has been broadly construed to incorporate any claims that "necessarily implicate a [doctor's] capacity as a health care provider or health care practitioner." *Saunders, 2006 ME 94,* ¶ 9, 902 A.2d at 833. Indeed, the "Legislature essentially made the MHSA applicable to any case that could implicate medical malpractice insurance." *Id.* ¶ 15, 902 A.2d at 834.

In Mr. Curtis' amended complaint he asserts that Dr. Seekins never completed the repair of his teeth, for which Dr. Seekins had already been paid. This would be a breach of contract claim for failure to provide services; a claim squarely within the definition of an action for professional negligence under section 2502(6). Accordingly, the district court lacked subject matter jurisdiction to hear this matter.

### III.    Dismissal for Lack of Subject Matter Jurisdiction

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." M.R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is generally considered a dismissal not upon the merits. *See* M.R. Civ. P. 41(b)(3). Accordingly Mr. Curtis may re-file pursuant to procedures set forth in the Maine Health Security Act should he choose to do so.

**Therefore, the entry is:**

The District Court Order dismissing this action is AFFIRMED.

Plaintiff has leave to re-file his complaint pursuant 24 M.R.S.A. §§ 2501 -2987.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _5th_ day of _____, 2008.

Roland A. Cole
Justice, Superior Court

4

BARRY CURTIS JR
60 ALDWORTH STREET
PORTLAND ME 04103

*Plaintiff*

REBECCA FARNUM ESQ
PO BOX 4630
PORTLAND ME 04112

*Defendant*