**Robert P. LEVESQUE**

v.

**INHABITANTS OF the TOWN OF ELIOT.[1]**

Supreme Judicial Court of Maine.

Argued March 11, 1982.

Decided Aug. 4, 1982.

Verrill & Dana, A. M. Horton (orally), Charles L. Cragin, Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, Geoffrey H. Hole (orally), F. Paul Frinsko, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

On June 8, 1979, plaintiff, Robert Levesque, filed a subdivision application, pursuant to 30 M.R.S.A. § 4956, with the Town of Eliot Planning Board, seeking approval of a 317 unit mobile home park. The Planning Board notified Mr. Levesque in July that his application was incomplete for failure to comply with Article IV of the Planning Board Standards for Reviewing Land Subdivisions. Alleging that Article IV was inapplicable to his proposed mobile home park, the plaintiff filed a M.R.Civ.P. 80B complaint in Superior Court, York County,

1. We have deleted the Eliot Planning Board and Eliot Board of Selectmen as named defendants in this action. *See Inhabitants of the Town of Boothbay Harbor v. Russell*, Me., 410 A.2d 554, 557 n.3 (1980).

asking the court to find Article IV inapplicable and to compel consideration of his application. The Superior Court judge ruled that Article IV was not applicable to Mr. Levesque's proposed project and therefore, compliance was unnecessary. The Planning Board thereafter informed Mr. Levesque that his application was still incomplete for failure to comply with another provision of the Planning Board Standards, Article VI. The plaintiff, under protest of the inapplicability of Article VI, complied in all respects except payment of a fee in the amount of $3,155.00. Maintaining that the fee was required to be paid, the Planning Board deemed the application incomplete in January 1980, and refused to take further action until payment was received. Mr. Levesque again brought a Rule 80B complaint in Superior Court, York County, seeking a determination that Article VI was inapplicable to his project. The Superior Court upheld the Planning Board's interpretation of the Planning Board Standards and denied the relief requested by the plaintiff. From that judgment, the plaintiff has appealed to this Court.

Finding that the Superior Court below failed to consider important issues, we remand this case to the Superior Court with instructions to determine (1) whether a Board of Appeals existed at the time this appeal to the Superior Court was initiated, and (2) whether such a Board had jurisdiction by ordinance to hear appeals from subdivision decisions of the Planning Board. If the Superior Court determines that the Town of Eliot had a Board of Appeals with jurisdiction over this case at the time this case was initiated in Superior Court, it must then remand the case to that Board of Appeals.

 Addressing whether this is properly before us as a direct appeal from administrative action of the Planning Board pursuant to M.R.Civ.P. 80B and Article XIV of the Eliot Planning Board Standards, we examine the relevant provisions of the ordinance and statute. Title 30, M.R.S.A. § 4956 governs municipal review and regulation of land subdivisions. No provision is made within that section for an appeal from an adverse decision of a town planning board—the municipal reviewing authority which approves or disapproves subdivision applications. Further, although the Legislature has not mandated that a town set up a Board of Appeals to hear appeals from subdivision determinations, 30 M.R.S.A. § 2411 provides that a town may establish a Board of Appeals with such jurisdiction as the town, through ordinance, may specify. The Planning Board Standards for Review of Land Subdivisions, which are promulgated by the Town of Eliot Planning Board pursuant to 30 M.R.S.A. § 4956(2)(B), are akin to municipal ordinances. The Eliot Standards provide in Article XIV, 14.1 as follows: "An appeal from a decision of the Planning Board may be taken to a General Board of Appeals if one has been established by the municipality in accordance with Title 30 M.R.S.A. Chapter 213, Section 2411, or to the Superior Court."

In *Fletcher v. Feeney*, Me., 400 A.2d 1084 (1979), we held that sections 2411 and 4963 of 30 M.R.S.A., when read together, require that initial zoning determinations of the Planning Board must be appealed to a Zoning Board of Appeals before a party can seek judicial review in the Superior Court. Our decision in that case rested on the mandate of the Legislature in 30 M.R.S.A. § 4963 requiring any municipality which enacts zoning ordinances to also establish a Zoning Board of Appeals. We recognize that land subdivision ordinances are not zoning ordinances, *see Bruk v. Town of Georgetown*, Me., 436 A.2d 894, 896 n.3 (1981); *Benjamin v. Houle*, Me., 431 A.2d 48 (1981), and that a municipality is not required by section 4956 to establish a General Board of Appeals. Nonetheless, we hold that when a municipality chooses to establish such a Board pursuant to section 2411, and confers jurisdiction upon it to review subdivision decisions of the Planning Board, a statutory scheme is established whereby a party must appeal to that Board before seeking judicial review in Superior Court.

*Fisher v. Dame*, Me., 433 A.2d 366, 372 (1981).[2]

On the record before us, we have no indication of whether the Town of Eliot had a Board of Appeals with jurisdiction over this case or whether the Superior Court below ever considered that issue. Counsel for the Town of Eliot conceded at oral argument before us that, in fact, the Town of Eliot presently has an established Board of Appeals with jurisdiction over this matter but could not positively state whether that Board was in existence when the appeal was taken to the Superior Court. In light of those facts, we remand this case to the Superior Court for a determination of whether that Board existed at the time this action was initiated in Superior Court.[3] If the Superior Court determines that the Eliot Board of Appeals with jurisdiction over this matter existed at that time, the case must then be remanded to the Board of Appeals.

Our decision in this case is compelled by the principles of exhaustion of administrative remedies, primary jurisdiction, and ripeness. The doctrine of exhaustion of administrative remedies requires a party to proceed in the administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the courts. *See Stanton v. Trustees of St. Joseph's College*, Me., 233 A.2d 718, 724 (1967). Similarly, the principle of primary jurisdiction holds that as a general rule, the courts will not decide an issue which an administrative agency with jurisdiction over the matter has not yet considered. *See State ex rel Brennan v. R. D. Realty Corp.*, Me., 349 A.2d 201, 207 (1975); *Churchill v. S.A.D. No. 49 Teachers Ass'n*, Me., 380 A.2d 186, 190 (1977). Finally, we have previously held that in general, when a court is asked to intervene in the actions of an administrative body, the court will decline to do so unless the action has achieved, through the administrative tribunal, the stage at which it is ripe for judicial consideration. *See Lewiston, Greene & Monmouth Tel. Co. v. New England Tel. & Tel. Co.*, Me., 299 A.2d 895, 907 (1973).

As a result of our analysis that the appellant in this case is clearly required to proceed through a Board of Appeals, if one exists, before going to Superior Court, it is equally clear that his failure to do so would preclude us from reaching the merits of the case in light of the above set-forth doctrines. Although we recognize that there are exceptions to those doctrines, *see Churchill, supra*, we find none applicable in the case at bar.

The entry is:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.

---

2. Our reading of Article XIV leaves some doubt in our minds as to whether the drafters of that Article intended that a party be able to appeal to the Superior Court only if a Board of Appeals had not been established or, intended to establish an appeal route in the Superior Court as an alternative to appealing to an existing Board of Appeals. Inasmuch as that provision purports to establish an alternate route of appeal to the Superior Court, bypassing an *existing* Board of Appeals, that provision is invalid. *See Fletcher v. Feeney*, Me., 400 A.2d 1084, 1088–89 (1979).

3. We distinguish this case, in which we have knowledge of the existence of a Board of Appeals with jurisdiction which may have existed on the date an appeal was taken to the Superior Court, from our recent decision in *Littlefield v. Inhabitants of the Town of Lyman*, 447 A.2d 1231 (1982), wherein there was no indication in the record or otherwise of the existence of a Board of Appeals.