STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-084

DHM-Ken - 8/1/2000

STATE OF MAINE, DEPARTMENT
OF ENVIRONMENTAL PROTECTION,
*et al.*,

Plaintiffs

v.

INHABITANTS OF THE TOWN OF
DAMARISCOTTA and
LAKE PEMAQUID, INC.

Defendants

ORDER ON PLAINTIFFS'
MOTION IN LIMINE

The matter before the Court on Plaintiffs' motion in limine regarding certain

opinion and hearsay evidence proposed to be submitted by Defendant Lake

Pemaquid, Inc. at time of trial in this non-jury matter. From an examination of the

materials submitted and a review of the voluminous files, notwithstanding that the

motion has been argued by all parties, this Court believes that the trial justice

contemporaneous with preparation for hearing is the appropriate vehicle for

decision on the motion. This is a statutory enforcement action in which defenses

are raised on both statutory and equitable ground. The basis at law for the theories

by each party seeking relief will determine the relevancy and, to a large extent, the

admissibility and purpose of certain evidence.

Therefore, the entry is:

Plaintiff's Motion in Limine filed December 3, 1999 is to be
decided by the Justice hearing the case.

Dated: August __/__, 2000

Donald H. Marden
Justice, Superior Court

STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-98-084

DHM- KEN-8/1/2000

STATE OF MAINE, DEPARTMENT
OF ENVIRONMENTAL PROTECTION,
*et al.*,

        Plaintiffs

v.

INHABITANTS OF THE TOWN OF
DAMARISCOTTA and
LAKE PEMAQUID, INC.,

        Defendants

DECISION AND ORDER

This matter is before the Court on motion of Lake Pemaquid, Inc. to dismiss for lack of subject matter jurisdiction. The corporation asks the Court to dismiss the cross-claim of Defendant Town of Damariscotta. The parties to the cross-claim were initially co-defendants in this action filed by the State of Maine, Department of Environmental Protection and the Attorney General. The Town of Damariscotta has cross-claimed against Lake Pemaquid, Inc., alleging that it has violated the Town's shoreland zoning ordinance. The Town has since been dismissed as a Defendant from the original action.

The history of this matter is relevant to the issue before the Court at this time. The Court adopts and incorporates the background as found by this Court in its Decision on Defendant Lake Pemaquid, Inc.'s motion for summary judgment issued October 26, 1999. Paraphrasing, the Court found that Lake Pemaquid Campground has existed at its present location since 1958. The business was incorporated in 1977

as Lake Pemaquid, Inc. The corporation may have used moveable cabins or camping units on its shorefront camping sites prior to enactment of the Town of Damariscotta's Shoreland Zoning Ordinance, although the number and nature of those units is disputed. The first cabins were placed during 1983 or 1984 and in late 1984 the State questioned the structures. The matter was brought to the attention of the Town of Damariscotta's Planning Board and considered at its meeting of September 17, 1984. The Board voted approval of the non-conforming use, but subsequently voted to reconsider its action on October 1, 1984. The corporation then filed an application for additional structures which was denied by the Planning Board. Lake Pemaquid, Inc. then appealed to the Board of Appeals. It appears to be agreed that there is no written record of the deliberations of the Board of Appeals, but there is a record that in April of 1985 the appeal was granted. There then occurred a series of disputed proceedings concerning whether the Code Enforcement Officer and the Plumbing Inspector of the Town were involved in some approval actions with the campground. However, it appears to be agreed that between 1985 and the present, Lake Pemaquid, Inc. has constructed a total of 21 cabins. No enforcement action has been taken by the Town or the State until the filing of this present matter in 1998.

Lake Pemaquid, Inc. challenged the Plaintiff and the cross-claim Plaintiff in its motion for summary judgment, charging that they are collaterally and equitably estopped from enforcing the ordinance. This Court found, in consideration of the totality of the circumstances, a considerable dispute of material fact and therefore

denied the motion. Lake Pemaquid, Inc. now challenges the cross-claim of the Town of Damariscotta by arguing a lack of subject matter jurisdiction in this Court on the cross-claim under the doctrine of exhaustion of administrative remedy alleging that this Court should not consider the cross-claim where the Town has not followed the procedures required under its ordinance, wherein the Town's administrative agencies would be charged with determining the proper enforcement of the Shoreland Zoning Ordinance by the Code Enforcement Officer. Notably, Lake Pemaquid, Inc. is not moving to dismiss the complaint of the Plaintiff under the same doctrine.

The doctrine of exhaustion of administrative remedies requires a party to proceed in the administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the Court. The principle of primary jurisdiction holds that as a general rule, courts will not decide an issue which an administrative agency with jurisdiction over the matter has not yet considered. When a municipality chooses to establish a Board of Appeals pursuant to statute and confers jurisdiction upon it to review decisions of the Planning Board, a statutory scheme is established whereby a party must appeal to that Board before seeking judicial review in Superior Court. *Levesque v. Inhabitants of the Town of Eliot,* 448 A.2d 876 (Me. 1982). The principle of exhaustion of remedy is a limitation which courts impose upon themselves. It is a principle whereby the court exercises its jurisdiction as a matter of discretion to avoid interference with the functions of an administrative agency and to recognize the advantages of leaving some

3

preliminary determinations to the agencies which are particularly competent to handle them. *Levesque*, at 878; *Cushing v. Smith*, 457 A.2d 816 (Me. 1983); *Stanton v. Trustees of St. Joseph College*, 233 A.2d 718 (Me. 1967).

As noted by the Town, the principle is not absolute. There are special circumstances which may require a relaxation of the rule. Such circumstances occur when the complaint alleges grounds for relief which are beyond the jurisdiction of the administrative agency to determine and when it would thus be futile for the party to complete the administrative appeal process. *Stanton* at 724. *See also Churchill v. S.A.D. No. 49 Teachers Ass'n*, 380 A.2d 186 (Me. 1977).

The facts of this case beg application of the principle. The State initiated this action against the municipality when no enforcement action had been taken for 13 years and the last action taken was, apparently, approval by the Town's Board of Appeals. Now, albeit by cross-claim in the State's action, the Town seeks to enforce an alleged violation of the ordinance without initiating any procedural requirements at the municipal level, nor allowing the use by either Lake Pemaquid, Inc. or the Town the proceedings available before the administrative agencies empowered by statute, created by municipality, and charged with the responsibility of enforcing the municipal laws. This may some day be a matter for judicial determination, but a substantial level of judicial resources will be engaged in determining whether the circumstances as they now exist at the Lake Pemaquid, Inc. campground are a violation of the Shoreland Zoning Ordinance or not. If the municipal officers of the Town believe that the campground is in violation of the

4

ordinance, there are procedures for enforcement and procedures for appeal. It is clearly the policy of the Shoreland Protection law and the intent of the Legislature that enforcement take place at the local level.

Therefore, with respect to the cross-claim of the Town of Damariscotta against Lake Pemaquid, Inc., the Town has not exhausted its administrative remedies. The Court must exercise its discretion in requiring the initial decisions to be made at the municipal level and therefore will grant Lake Pemaquid, Inc.'s motion.

Defendant Lake Pemaquid, Inc. requests the award of attorney fees in accordance with 30-A M.R.S.A. 4452(d). Since this is a challenge to jurisdiction, the Court declines to find the jurisdiction to award attorney fees.

The entry is:

Defendant Lake Pemaquid, Inc.'s motion to dismiss cross-claim for lack of subject matter jurisdiction under the doctrine of exhaustion of administrative remedies is GRANTED; cross-claim of Town of Damariscotta is DISMISSED; inasmuch as it is based upon lack of jurisdiction, the dismissal is without prejudice; insofar as Defendant Lake Pemaquid, Inc.'s motion request for attorney fees, the motion is DENIED and attorney fees are not granted.

Dated: August___/___, 2000

Donald H. Marden
Justice, Superior Court

Date Filed ___4/2/98___ ___Kennebec___ Docket No. ___CV98-84___
County

Action ___General Injunctive Relief___

DONALD L. GARBRECHT
LAW LIBRARY

AUG 15 2000

## J. MARDEN

State of Maine                                    VS.  Town of Damariscotta and Lake Pemaquid, Inc

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Lucinda E. White, AAG<br>6 State House Station<br>Augusta, Maine 04333 | Richard L. Hornbeck,Esq. (Damariscotta)<br>1 Maine Street<br>Topsham   Me  04086 |
| | Edward G. Dardis,Esq.(Lake Pemaquid)<br>Wm M. Avantaggio,Esq.<br>PO Box 460<br>Damariscotta Me  04543 |

| Date of Entry | | |
|---|---|---|
| | | William M. Avantaggio, Esq. (Lake Pemaquid)<br>P.O. Box 460<br>Damariscotta, Maine 04543 |

| Date of Entry | |
|---|---|
| 4/3/98 | Complaint, filed. s/White, AAG  (filed 4/2/98)  (attached exhibits A-F)<br>Pretrial Scheduling Statement and Jury Demand mailed to atty. |
| 4/22/98 | Defendant inhabitants of The Town of Damariscotta, Maine, answer to complaint and motion to dismiss filed. s/Hornbeck,Esq. |
| 4/29/98 | Notification and Acknowledgement for Service by Mail, filed. s/White,AAG<br>Acknowledgement of Receipt of Summons and Complaint, filed. s/Riley,Chair |
| 5/4/98 | Answer of Lake Pemaquid Inc. filed.  s/Dardis,Esq.<br>Answer to cross claim filed.  s/Dardis,Esq.<br>Motion to strike M.R. Civ.P. 12(f) with incorporated memorandum filed. s/Dardis,Esq.<br>Proposed order on defendants motion to strike filed. |
| 5/4/98 | Original summons with return service on Lake Pemaquid on 4/23/98 filed. s/Hornbeck,Esq. |
| 5/20/98 | Pretrial Scheduling Statement, filed. s/White, AAG<br>Plaintiffs' Memorandum in Opposition to Defendant Lake Pemaquid, Inc.,'s Motion to Strike, filed. s/White, AAG<br>Statement of Material Facts as to Which There is a Genuine Issue, filed. s/White, AAG<br>Affidavit of Warren Hatch Town Clerk, filed. s/Hatch<br>Affidavit of Richard P. Baker, filed. s/Baker<br>Notification of Discovery Service, filed. s/White, AAG<br>Plaintiffs' Notice of Deposition of Clayton Howard, Esq.; Plaintiffs'<br>Notice of Deposition of Rebecca Bickmore served on richard H. Hornbeck, Esq. on 5/19/98<br>Plaintiffs' Request for Entry Upon Land for Inspection and other Purposes served on William M. Avantaggio, Esq. on 5/19/98 |
| 5/21/98 | EXPEDITED PRETRIAL ORDER, Alexander, J.<br>Discovery to be closed by 10/1/98.  This case will ne placed on the non-jury trial list 30 days after close of discovery.  This Order is incorp- |