STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO.: AP-16-26

**BUDGET BUSINESS MACHINES,**

        Plaintiff,

  v.                                                **ORDER**

**WELLS/OGUNQUIT SCHOOL
DISTRICT,**

        Defendant.

## I.    Background

Before the court is plaintiffs' motion for trial of the facts and defendant's motion to dismiss. This M.R. Civ. P. 80B appeal challenges the process by which defendant reviewed proposals submitted in response to a request for proposal (RFP) and awarded the contract. Defendant's motion to dismiss argues that the appeal is untimely and plaintiff failed to exhaust administrative remedies. It also argues it should be dismissed for lack of jurisdiction because M.R. Civ. P. 80B does not provide for review of the school district's action.

### a.  Procedural History

On April 13, 2016, defendant issued a RFP for managed print services. Plaintiff timely submitted its proposal. Only one other proposal was submitted. On April 25, 2016, the two proposals were opened. The next day defendant sent notice to plaintiff that it had chosen the competitor's proposal.

Plaintiff promptly wrote to the superintendent protesting the decision in accordance with School District Policy DJH. On May 16, 2016, the superintendent timely responded denying plaintiff's request for reconsideration. Plaintiff filed its M.R. Civ. P. 80B appeal challenging that

1

decision on June 27, 2016. On June 22, 2017, the School Committee formally approved the decision to award plaintiff's competitor the award.

### b. Facts

Plaintiff is a business that offers printing and information technology services. Defendant sought proposals for managed print services and equipment leases for a five-year term. Parties appear to agree that this contract is not one for which defendant was required to use a competitive bid process. School District Policy DJ (hereinafter Policy DJ) provides that when the district is not required to seek competitive bids by law "the Superintendent may seek Requests for Proposals (RFP) for purchases over $10,000." Policy DJ(B). "An RFP identifies the need the school unit intends to meet, but permits the vendor to propose the manner in which the work is to be performed and the materials to be used." *Id.* Policy DJ lays out the procedure governing RFPs as follows:

A. Proposals should be submitted in plain envelopes clearly marked "Proposal, not to be opened until (state time and date)." The RFP shall state the time and date that proposals shall be opened, and no proposals shall be opened before that time. Public opening is not required.

B. Proposals are to be evaluated based on criteria appropriate for the project in question, and the contract will be awarded to the vendor whom the Superintendent and School committee deem best able to meet the requirements of the school unit.

(*Id.*) Policy DJ also includes the following disclaimer:

This policy is intended solely as an internal guide to purchasing by the school unit. It does not afford any vendor any property or contractual rights against the school unit. No vendor shall have any enforceable rights against the school district based upon this policy or alleged violations of this policy. No vendor shall have any rights against the school unit until such time as a written contract between the vendor and the school unit is executed by the vendor and an authorized representative of the school unit.

*Id.* School District Policy DJH (hereinafter Policy DJH) provides a process for a respondent to a

2

RFP to "protest" the award of a contract. Policy DJH at 2. It requires the respondent submit a protest in writing to the Superintendent within five business days after notification of the decision. *Id.* The Superintendent is required to respond to timely protests within 20 business days or to meet with the respondent in an attempt to resolve the dispute. *Id.* The respondent may appeal the superintendent's decision to the school committee. *Id.* Policy DJH concludes, "The School Committee's decision shall be final." *Id.*

The RFP included "contractual terms and conditions" and detailed the "evaluation and award process." In relevant part, it states the "[c]ontract award will require school board approval. . . . [The school district] . . . reserves the right to reject any proposals . . . when such action would be deemed in the best interest of [the school district]." (Compl. Ex. 1.)

## II.     Discussion

Because defendant's motion to dismiss raises jurisdictional issues, the court addresses those before considering plaintiff's motion for a trial of the facts.

### a.  80B Jurisdiction

#### i.  Timeliness of Appeal

Defendant argues the complaint should be dismissed pursuant to M.R. Civ. P. 12(b)(1) because the complaint was not timely filed. "'Statutory limitations on appeal periods are jurisdictional.'" *Paul v. Town of Liberty*, 2016 ME 173, ¶ 17, 151 A.3d 924 (quoting *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024). When statute does not provide for a specific time limit then an 80B complaint must "be filed within 30 days after notice of any action or refusal to act of which review is sought."[1] M.R. Civ. P. 80B(b); *see also,* 2016 ME 173, ¶ 17, 151 A.3d 924 (holding a Rule 80B action was subject to dismissal for lack

---

[1] Plaintiff misconstrues Rule 80B time requirements to apply to service. However, the plain language of the rule states the appeal must be *filed* within 30 days.

3

of subject matter jurisdiction when statute did not provide a time period for filing appeal and the complaint was not filed within 30 days). "The time for the filing of an appeal shall commence upon the date of the public vote or announcement of final decision of the governmental decision-maker of which review is sought." M.R. Civ. P. 80B(b).

Plaintiff appealed the decision of the Superintendent denying its protest for reconsideration of the award to the competitor issued on May 16, 2016.[2] Plaintiff attempted to file the complaint on June 15, 2016. However, it failed to file a summary sheet with the complaint as required by M.R. Civ. P. 5(h). On June 21, 2016, in accordance with M.R. Civ. P. 5(f), the clerk notified plaintiff's counsel that it did not file a summary sheet. Plaintiff filed the summary sheet on June 27, 2016 and the filing was docketed that day. Plaintiff relies on *Persson v. Dep't of Human Servs.*, to support its argument that the complaint was timely filed. 2001 ME 124, 775 A.2d 363. However, *Persson* is distinguishable from the facts of this case. In *Persson*, M.R. Civ. P. 5(f) and (h) were not yet in effect, Persson *pro se* filed a petition while incarcerated in a federal correctional facility in Wisconsin, and the clerk wrote to Persson to inform him of the deficiency with his filing. In this matter, M.R. Civ. P. 5(f) and (h) have been in effect for over a decade, plaintiff is represented by Maine counsel, the clerk notified counsel by telephone of the deficiency, and the summary sheet was still not filed for another week. Moreover, the *Persson* Court expressly limited its holding to the circumstances of that case. *Id.* ¶ 15 (holding "In these circumstances, we determine that Persson, . . . was not responsible for his failure to comply with the requirements of Rule 5(f).")

Plaintiff also argues *Boisvert v. King*, stands for the proposition that when the timeliness of an 80B claim is questioned then a trial of the facts is required to determine timeliness. 618

---

[2] Plaintiff has not appealed the School Committee's vote approving the award and contract on June 22, 2016.

4

A.2d 211 (Me. 1992). Plaintiff misreads *Boisvert*. In that case, there was an "unusual procedural history" and it was unclear when plaintiff received notice of the full extent of building permit approval such that a trial of the facts was necessary. There is no dispute over notice of the Superintendent's decision in this case.

Plaintiff also argues that its appeal was filed within 30 days of the school committee's final decision awarding the contract to the competitor. However, that decision was an approval of the decision to award the contract to plaintiff's competitor pursuant to the terms of the RFP. It was not a decision on plaintiff's protest or challenges to the award. Because plaintiff failed to appeal the Superintendent's decision on its protest to the school committee, its challenges to the decision were not before the school committee and it did not preserve the right (assuming one existed) to appeal the school committee's decision pursuant to 80B. Therefore, that decision is not controlling for the purposes of calculating the time in which plaintiff was required to file the appeal.

Thus, the court does not have subject matter jurisdiction to consider plaintiff's claim even if it assumes plaintiff exhausted available administrative remedies, there was a final decision, and Rule 80B review is available.

### ii. Failure to Exhaust Administrative Remedies

"The doctrine of exhaustion of administrative remedies requires a party to proceed in the administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the courts." *Levesque v. Eliot*, 448 A.2d 876, 878 (Me. 1982). "Similarly, the principle of primary jurisdiction holds that as a general rule, the courts will not decide an issue which an administrative agency with jurisdiction over the matter has not yet considered." *Id.* "[I]n general, when a court is asked to intervene in the actions of an administrative body, the

5

court will decline to do so unless the action has achieved, through the administrative tribunal, the stage at which it is ripe for judicial consideration." *Id.* "Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide an adequate remedy." 5 M.R.S. § 11001 (2016).

In this matter, Policy DJH provided the opportunity to appeal the Superintendent's denial of plaintiff's protest to the School Committee.[3] The Policy expressly states the decision of the school committee shall be final. Plaintiff failed to exhaust that remedy prior to filing this suit. Plaintiff argues section 11001 permits the court to consider its claim despite its failure to exhaust remedies. Plaintiff claims because it believes the school committee would not have adequately considered its appeal, that it was not an adequate remedy. However, due to plaintiff's failure to appeal the issue to the school committee, all we are left with are plaintiff's speculations about what may have happened.[4] Plaintiff does not raise any other exceptions to the doctrine of primary jurisdiction that would excuse its failure to exhaust administrative remedies. *See Churchill v. S. A. D. # 49 Teachers Asso.*, 380 A.2d 186, 190 (Me. 1977). Ordinarily, the court would remand the case to the School Committee for the plaintiffs to seek relief from the Committee. However, because plaintiff failed to timely appeal the Superintendent's decision to this court. The appeal is denied on that jurisdictional, rather than this prudential ground. *See Minster v. Gray*, 584 A.2d 646, 648 (Me. 1990) (stating the rule requiring an exhaustion of administrative remedies is prudential).

### iii. Availability of 80B Review

---

[3] Plaintiff erroneously claims that defendant cites Policy DJ (which contains language stating the policy is non-binding and creates no rights) in support of its argument that the decision was not final. Defendant cites only Policy DJH.

[4] Ironically, plaintiff argues it is entitled to review of a non-final decision and it needs a trial of the facts in this matter because school district did not correct and concealed its errors. However, if plaintiff had appealed the matter to the school committee, its stated need for a trial of the facts could have been obviated and a final decision would be before the court.

"Rule 80B does not create an independent right to appeal any governmental action to the Superior Court." *Lyons v. Board of Directors of School Administrative Dist.*, 503 A.2d 233, 235 (Me. 1986). "It only provides a procedural avenue for those disputes in which the court has jurisdiction." *Id.* The Superior Court only has jurisdiction to consider 80B appeals when it "'*is provided by statute or is otherwise available by law*[.]'" *Id.* at 236 (quoting M.R. Civ. P. 80B(a)) (emphasis in *Lyons*, not in original). "'Otherwise available by law' refers to review of an action that could have been had by means of a common law writ." *Waterville Homes, Inc. v. Municipal Officers of Waterville*, 589 A.2d 458, 459 (Me. 1991) (quoting *id.*).

Plaintiff argues federal school grant regulations provide a right to appeal the Superintendent's decision. The regulation plaintiff cites applies only "[w]hen procuring property and services under a [federal] grant." *See* 34 CFR § 80.36(a). Plaintiff does not claim that federal funding is involved in this matter, nor is there any evidence that the funds the school district used were from a federal grant. Moreover, the exact provision plaintiff cites expressly states, "A protestor must exhaust all administrative remedies with the grantee and sub-grantee [i.e. school district] before pursuing a protest . . . ." *See* 34 CFR § 80.36(b)(12). As previously stated, plaintiff has not exhausted its administrative remedies. Thus, this federal regulation does not provide plaintiff the right to 80B review.[5]

### b. Motion for Trial of the Facts

Because the complaint is dismissed due to the court's lack of jurisdiction the motion for a trial of the facts is denied.

### III. Conclusion

---

[5] In addition, "disappointed bidders do not have a property interest unless the applicable law or regulation mandated that the contracting body accept the bid and gave it no discretion whatsoever to reject the bid." *Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 16, 802 A.2d 994.

7

For the reasons discussed above, defendant Wells/Ogunquit School District's motion to dismiss is GRANTED. Plaintiff's motion for trial of the facts is denied.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

DATE: May 12, 2017

_____
John H. O'Neil, Jr.
Justice, Maine Superior Court

**ENTERED ON THE DOCKET ON:** 5/15/17

8

AP-16-26

ATTORNEY(S) FOR APPELLANT

JASON DIONNE, ESQ.
JESSE ARCHER, ESQ.
ISAACSON & RAYMOND
PO BOX 891
LEWISTON  ME  04243-0897

ATTORNEY(S) FOR APPELLEE:

GREGORY IM, ESQ.
MELISSA HEWEY, ESQ.
DRUMMOND WOODSUM
84 MARGINAL WAY, SUITE 600
PORTLAND  ME  04101-5081