**STATE OF MAINE**                                              **SUPERIOR COURT**

Cumberland, ss.


**MARCIA CLEVELAND and DANIEL PAUL**

REC'D CUMB CLERKS OF
AUG 22 '18 PM 12:37

           **Petitioners**

    v.                              **Docket No. PORSC-AP-18-009, 18-013**
                                        **(consolidated)**

**CITY OF PORTLAND**

           **Respondent**


## DECISION

These appeals pursuant to M.R. Civ. P. 80B came before the court for oral argument August 9, 2018, with Petitioner Marcia Cleveland on behalf of herself and Petitioner Daniel Paul, and Associate Corporation Counsel Anne Torregrossa on behalf of Respondent City of Portland ["City"], participating. The oral argument was electronically recorded.

In these cases, the Petitioners are challenging two Notices of Violation issued to them by the City's Permitting and Inspection Department based on a code enforcement officer's finding that Petitioners' property is in violation of fire code requirements. Petitioners have brought appeals under Rule 80B and also seek declaratory relief that their property is not in violation. The City maintains that the Petitioners' property does violate the fire code incorporated by reference in the City's Code of Ordinances and also contends that the Petitioners' appeal should be dismissed based on their failure to exhaust administrative remedies.

1

Based on the entire record, the court dismisses the Petitioners' Rule 80B appeals, but grants limited declaratory relief, on the following grounds:

(1) Any appeal of the City's Notices of Violation must be presented initially to the City of Portland Zoning Board of Appeals (ZBA). The appeals in these cases were made directly to this court. [1]

(2) Although this court therefore lacks jurisdiction to address the merits of these direct Rule 80B appeals from the Notices of Violation, it does have jurisdiction to address the City's contention that the Petitioners have failed to exhaust their administrative remedies.

(3) The City's two Notices of Violations to the Petitioners failed to trigger the running of the period for appeal because neither Notice provided accurate information on how Petitioners could exercise their right of appeal. Thus, Petitioners have not failed to exhaust their administrative remedies.

*Background*

Petitioners Marcia Cleveland and Daniel Paul are the owners of a three-unit apartment building at 6 Houlton Street in the City of Portland. Petitioners occupy one of the units and rent the other two to long-term tenants with leases. Petitioners

---

[1] At oral argument the court was advised by the City's counsel that the Petitioners had in fact attempted to take an appeal to the City of Portland Zoning Board of Appeals (ZBA) and that their appeal was dismissed as untimely. That appeal is not part of the record before the court. In a filing made after oral argument, the Petitioners asked the court to accept a further memorandum of law and material related to the ZBA appeal. The court declines the invitation to delve into the ZBA appeal, except to note that, for the reasons set forth in the analysis below, the appeal could not have been untimely, because the City's Notices of Violation have not triggered the appeal deadline.

2

also rent out parts of their unit through the AirBnb rental website during the summers.

The structure was built in the nineteenth century and is of wood frame construction, with plaster and lathe interior walls. The total living space in the three units is approximately 3000 square feet.

The City of Portland has adopted a City Code that, in pertinent part, requires all dwelling units in the City to have exits that comply with the National Fire Protection Association Life Safety Code ["NFPA Code"]. *See* City of Portland Code of Ordinances ["City Code"] Sec. 16-116(e) ("Every dwelling, dwelling unit, rooming house and rooming unit shall comply with the applicable provisions of the most current edition of the National Fire Protection Association Life Safety Code, and with all other applicable state statutes and regulations.").

The National Fire Protection Association is a national body that has developed a numbered series of codes that incorporate standards for safety and fire protection. The NFPA Life Safety Code is numbered 101 in the series.

A separate City Code section purports[2] to adopt and incorporate by reference the NFPA Code. City Code Sec. 10-1. The City Code also designates the City fire department and the City's Housing Safety Office, Permitting and Inspections Department, as the City authorities with jurisdiction to enforce the NFPA Code

---

[2] The word "purports" is to recognize Petitioners' contention on the merits of their appeals that the City has not validly incorporated the NFPA into the City Code. This Decision does not address the contention beyond noting it here.

3

requirements that are incorporated in the City Code. *See id.* sec. 10-2. The City's Housing Safety Office administers a program for registering and inspecting residential rental properties in Portland.

On February 16, 2018, the Housing Safety Office, through a code enforcement officer with the City's Permitting and Inspections Department, conducted a routine inspection of the Petitioners' apartment building. As a result of the inspection, the City's Permitting and Inspections Department issued a Notice of Violation dated February 17, 2018 to Petitioners, citing four violations of the City Code. Three of the four violations cited in the February 17, 2018 Notice have been or are being remediated without objection.

However, the Petitioners challenge the City's contention that the NFPA Life Safety Code requires them to install seven fire doors to replace seven wooden doors that the Petitioners say are original to the building.

The February 17, 2018 Notice advised the Petitioners that the finding of violations "constitutes an appealable decision pursuant to Section 6-127 of the Code." That section of the City Code reads as follows:

Sec. 6-127. Appeals.

An appeal from any final decision of the building authority or his or her designee, if available by statute or otherwise by law, under the provisions of this article may be taken by an aggrieved party to the superior court in accordance with Rule 80B of the Maine Rules of Civil Procedure.

4

The City Code defines the term "building authority" for purposes of chapter 6 to be the Permitting and Inspections Department director. City Code sec. 6-1.1.

Consistent with the guidance regarding the procedure for appeal contained in the February 17, 2018 Notice, the Petitioners filed a timely appeal to this court in the case docketed as PORSC-AP-18-09.

Then the City withdrew the February 17, 2018 Notice "due to some confusion with respect to" that Notice, according to the City's brief, and issued a second Notice of Violation dated April 17, 2018. *See* City of Portland's Reply to Petitioners' Brief in Support of 80B Appeals, at 2. That Notice advised the Petitioners in pertinent part as follows:

> This constitutes an appealable decision under the City of Portland Code of Ordinances. If you choose to not appeal this Notice, then you may be barred from challenging the City's determinations in the future.

Significantly, the April 17, 2018 Notice of Violation did not specify the City Code section under which Petitioners had the right to appeal. Equally significantly, it did not inform the Petitioners that the appeal procedure specified in the February 17, 2018 Notice of Violation was not the correct procedure for appeal. Petitioners again appealed to this court, in the case docketed as PORSC-AP-18-013.

*Analysis*

Contrary to what it told the Petitioners in the February 17, 2018 Notice of Violation, the City now contends their avenue of appeal from both Notices of Violation was to the City of Portland Zoning Board of Appeals (ZBA), not directly to the

5

Superior Court. The City contends further that, because the Petitioners failed to take a timely appeal to the ZBA, they have failed to exhaust their administrative remedies and this court lacks jurisdiction. City of Portland's Reply at 2-4.

"The doctrine of exhaustion of administrative remedies requires a party who seeks an administrative remedy or who challenges an administrative action to pursue that remedy or challenge to a conclusion before the administrative agency prior to initiating action in the courts." *Town of Levant v. Seymour*, 2004 ME 115, ¶ 13, 855 A.2d 1159, *citing Levesque v. Town of Eliot*, 448 A.2d 876, 878 (Me. 1982).

The City's argument relies on a recent legislative amendment to 30-A M.R.S. § 2691(4), the statute governing appeals from municipal land use decisions. In 2013, the Maine Legislature amended section 2691(4) by adding language stating:

> Absent an express provision in a charter or ordinance that certain decisions of its code enforcement officer or board of appeals are only advisory or may not be appealed, a Notice of Violation or an enforcement order by a code enforcement officer under a land use ordinance is reviewable on appeal by the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B.

30-A M.R.S. § 2691(4). *See Dubois Livestock, Inc. v. Town of Arundel*, 2014 ME 122, ¶ 6, 103 A.3d 556.

The City's position is that, because the City Code contains no "express provision . . . that certain decisions of its code enforcement officer or board of appeals are only advisory or may not be appealed," the Petitioners should have appealed under section 14-472(a) of the City Code, which reads:

Sec. 14-472. Appeals.

6

(a) Authority. The board of appeals shall hear and decide appeals from and review orders, decisions, determinations or interpretations or the failure to act of the building authority.

On the issue of which avenue for appeal applies, the court agrees with the City's current position—that the Petitioners' right of appeal is initially to the ZBA—because there indeed appears to be no express provision in the City Code stating that decisions of a code enforcement officer are only advisory or may not be appealed.

On the other hand, the court agrees with the Petitioners that the City cannot provide incorrect or no information in the Notices about the procedure for appeal and then claim that the Petitioners have failed to exhaust administrative remedies because they did not pursue an appeal avenue not identified in either of the Notices of Violation. *See* Petitioners' Supplemental Reply Brief in Support of 80B Appeals at 3 ("Exhaustion of administrative remedies is not a gotcha game . . .").

In *Town of Freeport v. Greenlaw*, the Supreme Judicial Court of Maine, sitting as the Law Court, addressed the effect of what the Law Court determined to be a facially insufficient notice of violation issued by a municipal code enforcement officer. 602 A.2d 1156 (Me. 1992).

The *Greenlaw* case involved a municipality's enforcement action pursuant to 30-A M.R.S. § 4452 against a property owner based on alleged violations of the municipal zoning ordinance. The municipality contended that the property owner had lost his right to dispute the alleged violations because he had failed to exhaust his administrative remedies—specifically because he had not appealed the code enforcement officer's notice of violation to the town ZBA. *Id.* at 1159. The trial court

7

agreed and granted summary judgment to the municipality, on the ground that the property owner's failure to appeal the notice rendered the finding of violation *res judicata* and not subject to relitigation in the enforcement action. *Id.*

On appeal, the Law Court reversed, holding that, because the code enforcement officer's notice of violation was deficient in a variety of respects, it did not trigger the running of the period for filing an appeal to the ZBA. *Id.* at 1160-61. The Law Court thus reasoned that, because the period for appealing the notice had not started to run, the property owner's failure to take an appeal to the ZBA did not render the finding of violation *res judicata* and the property owner was not precluded in the enforcement action from challenging the finding of violation. *Id.*

In *Greenlaw,* the Law Court defined the requisites of a "minimally" sufficient notice of violation as follows:

> Minimally, to be effective in triggering the running of an appeal period, an order to refrain from taking or continuing certain action because it violates a zoning ordinance should refer to the provisions of the ordinance allegedly being violated, inform the violator of the right to dispute the order and how that right is exercised by appeal, and specify the consequences of the failure to appeal.

*Id.* at 1161.

Both of the Notices of Violation issued to Petitioners fall short of this standard, because neither of them accurately informed the Petitioners of how to exercise their right of appeal. Petitioners were entitled to rely on the statement in the City's February 17, 2018 Notice of Violation that their appeal avenue lay directly to this court, and were again entitled to rely on that statement in appealing the April 17,

8

2018 Notice of Violation, because the latter Notice was silent on the procedure for appeal and failed to correct the erroneous information given in the initial Notice.

Application of the rule of *Greenlaw* leads to the following conclusions:

First, neither of the City's two Notices accurately informed the Petitioners of how to take an appeal, so neither was sufficient to trigger the running of the appeal period. The appeal period will not begin to run until and unless the City issues a Notice of Violation sufficient to trigger the running of the appeal period.

Second, should the City commence an enforcement action without first issuing a sufficient Notice of Violation, Petitioners cannot be deemed to have failed to exhaust their administrative remedies and will not be subject in the enforcement action to any application of *res judicata* or collateral estoppel based on their failure to appeal to the ZBA from the two Notices that the City has issued.

The analysis turns to what form of decision should issue in these cases.

Granting the appeals is not appropriate because such relief would require the court to address the merits and the court does not have jurisdiction to entertain direct appeals of the Notices. Likewise, denying the appeals is not appropriate because the City has neither prevailed on the merits nor shown that the Petitioners have failed to exhaust administrative remedies. Remanding the cases to the ZBA is not in order because the cases did not come to court from the ZBA. Simply dismissing the appeals with nothing more leaves the parties in limbo as to the status and effect of the Notices of Violation for purposes of an appeal to the ZBA and/or an enforcement action. Moreover, the City's failure to exhaust argument compelled the court to determine

9

the effect of the Notices of Violation upon the Petitioners' right of appeal, so it is appropriate that this Decision have preclusive effect in any further litigation involving the underlying alleged violations.

Both of the Petitioners' Complaints seek declaratory relief to the effect that the Notices of Violation are "void." Had they failed to exhaust their administrative remedies they could not use the declaratory judgment remedy to circumvent the requirements of Rule 80B, but that is not the case. In fact, the court lacks jurisdiction under Rule 80B to entertain their appeals. Thus, there is a justiciable controversy appropriate for declaratory relief regarding whether the two Notices did or did not trigger the running of the period for appeal to the ZBA. *See* 14 M.R.S. §5951 *et seq.* (declaratory judgment statute).

The court sees no reason, under all circumstances, to subject either the Petitioners or the City to the uncertainty, risks and potential jeopardy associated with the court's withholding a formal determination as to the sufficiency of the Notices of Violation. The court thus exercises its discretion to grant declaratory relief, not that the Notices are "void," but only that they did not trigger the running of the time for Petitioners to appeal to the ZBA.

Accordingly, it is HEREBY ORDERED:

1. Judgment is hereby granted to the Petitioners on their prayer for declaratory relief. It is hereby declared as follows for purposes of 14 M.R.S. § 5953 (declaratory judgment statute): The February 17, 2018 Notice of Violation and the April 17, 2018 Notice of Violation issued by Respondent City to Petitioners did not

10

trigger the running of the period for Petitioners to appeal the findings of violation contained in the Notices to the City of Portland Zoning Board of Appeals.

2. Petitioners' remaining claims are hereby dismissed for lack of jurisdiction. Neither side substantially prevailed and the parties shall bear their own costs.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision by reference in the docket.

Dated August 22, 2018

_____
A. M. Horton, Justice

*Marcia Cleveland, et al. v. City of Portland*, AP-18-09 (consolidated with AP-18-13)


**Plaintiffs' Counsel:**


Marcia Cleveland, Pro Se


**Defendant's Counsel:**


Anne Torregrossa, Esq.

City of Portland