STATE OF MAINE                                     SUPERIOR COURT
KENNEBEC, SS.                                      CIVIL ACTION
                                                   DOCKET NO. AP-2018-22

MICHAEL PARKER,
            Petitioner

v.
                                            **DECISION AND ORDER**

MAINE DEPARTMENT OF
CORRECTIONS,
            Respondent.

## INTRODUCTION

The matter before the court is an appeal by Michael Parker, an inmate at the Maine State Prison ("MSP"), from a disciplinary proceeding that resulted in the imposition of sanctions against him for the offense of "trafficking," a Class A violation under the Prisoner Discipline Policy. This appeal has been brought in accordance with 5 M.R.S. §§ 11001-11008 (Administrative Procedure Act) and Maine Rule of Civil Procedure 80C.

## FACTUAL BACKGROUND

On February 2, 2018, Michael Parker ("Parker" or "Petitioner"), an inmate at MSP, was notified of a disciplinary hearing scheduled to occur February 8, 2018, for a trafficking violation.[1] (Certified Record ("C.R.") 1.) The alleged incident occurred on January 20, 2018. (C.R. 2.)

---

[1] MDOC policy states that a "Trafficking violation" is as follows:
> Trafficking of a drug, regardless of whether or not prescribed to the prisoner, or possession or use of a prescription drug not prescribed to the prisoner by the facility healthcare staff, or possession or use of a non-prescribed scheduled drug of the W, X, Y classification, or related paraphernalia as defined by 17-A M.R.S.A.
> . . .

Policy 20.1, Proc. E. Suboxone (buprenorphine) is a Schedule W drug. 17-A M.R.S. § 1102(1)(I). Trafficking is a Class A violation. Policy 20.1, Proc. E. Note also that planning, attempt, participation as an accessory, or solicitation of another prisoner are all included in the violation. MDOC Policy 20.1, Proc. E.

1

According to the Maine Department of Corrections' ("MDOC") Disciplinary Report, on January 20, 2018, Julie McAssey ("McAssey"), a visitor to MSP, was stopped by the Special Investigations and Intelligence office ("SII") and questioned about trafficking Suboxone. (C.R. 2.) McAssey admitted to swallowing five strips of Suboxone in the lobby when confronted by officers. (C.R. 2.) The Disciplinary Report references an attached report "for full details." (C.R. 2.) That attached report was filed under seal in this court for *in camera* review. The following details come from the confidential report.

On December 1, 2017, SII was informed by a confidential informant that trafficking was occurring at MSP. Based on this information SII surveilled visits and telephone conversations between McAssey and prisoner J.S.. They discussed plans to traffic Suboxone into MSP. They additionally discussed how to have Tammy Shaw ("Shaw"), who sometimes rode with McAssey to MSP, bring in Suboxone to Parker, whom Shaw visited. At least once, J.S. and McAssey discussed whether it was "confirmed" that Shaw would bring Suboxone to Parker. On December 14, 2017, Parker asked Shaw whether she would traffic contraband into MSP for him and attempted to convince her to do so by using money as a lure and telling her that there was nothing to think about. McAssey and J.S. had conversations later in the month about whether Shaw was "going to do it." Ultimately, Shaw never brought drugs into MSP.

On February 22, 2018, the disciplinary hearing occurred. (C.R. 6-8.) According to the hearing summary, Parker pled not guilty, declined to make a statement "because there maybe [sic] outside charges," and indicated that the witnesses he had listed were not needed. (C.R. 6.) Based on the "staff[']s detailed report,"[2] the Hearing Officer ("HO")

---

[2] The court presumes this is the confidential SII report.

found Parker guilty of trafficking. (C.R. 6.) On the same date, Parker signed the summary on the third page, and did not waive his right to appeal. (C.R. 8.)

After receiving the hearing summary, a prisoner has fifteen days to appeal the decision to the Chief Administrative Officer.[3] MDOC Policy 20.1, Proc. C(17). Upon timely appeal, the Chief Administrative Officer will review the appeal, and may affirm, modify, or reverse the decision. MDOC Policy 20.1, Proc. C(19), (21). The prisoner must be notified of the Warden's decision on appeal in writing. MDOC Policy 20.1, Proc. C(22). Nothing in the Certified Record, nor anything provided by Parker other than his own unsworn statements, indicates that he pursued a timely appeal in accordance with the Prisoner Discipline Policy. If the prisoner fails to submit a timely appeal, no appeal will be considered. MDOC Policy 20.1, Proc. C(18). Staff are required to maintain appropriate records for all cases in which a prisoner is found guilty. MDOC Policy 20.1, Proc. C(24).

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v. Dept. of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal.

---

[3] The Chief Administrative Officer is the Warden or the Warden's designee. The terms are used interchangeably in this Decision.

3

*Anderson v. Maine Public Employees Retirement System,* 2009 ME 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

In his Rule 80C appeal, Parker maintains that he appealed the HO's decision on March 9, 2018, but his appeal was never processed. MDOC contends that Parker should be denied judicial review for two reasons. First, he did not exhaust the administrative remedies available to him under the Prisoner Discipline Policy because he failed to appeal the HO's decision. Second, MDOC argues that the court should affirm the HO's finding that Parker committed the trafficking offense because there is substantial evidence in the record to support the HO's decision finding Parker guilty.

## I.    Failure to Exhaust Administrative Remedies

MDOC asserts that because Parker did not appeal the HO's decision to the Chief Administrative Officer for review, he did not exhaust the internal appeal process available to him, and therefore his petition should be dismissed. To support its contention, MDOC refers to the HO's attestation of its event log records[4] that show no appeal of the HO's decision, and that the decision was affirmed on March 21, when Parker did not file a timely appeal. MDOC additionally points to Parker's lack of evidence to support a timely appeal because he has not produced a copy of the Warden's written notice affirming the HO's decision, despite MDOC's Policy that such decisions must be in writing and provided to the prisoner.

---

[4] The event log tracks the history of a disciplinary case. *See* MDOC's July 26, 2018, Motion to Dismiss.

In response, Parker maintains that he submitted his appeal via "in-house mail" on March 9, 2018, and also hand delivered a copy to the Warden on the same date. Parker claims that MDOC deleted the line in the event log containing his appeal. He submits a copy of a grievance report against the HO to support his argument.[5]

"The doctrine of exhaustion of administrative remedies requires a party to proceed in the administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the courts." *Levesque v. Eliot*, 448 A.2d 876, 878 (Me. 1982). The Law Court has recently stated that

> [t]he doctrine of exhaustion of administrative remedies requires a party who seeks an administrative remedy or who challenges an administrative action to pursue that remedy or challenge to a conclusion . . . The rule is primarily designed to allow administrative agencies to correct their own errors, clarify their policies, and reconcile conflicts before resorting to judicial relief.

*Marshall v. Town of Dexter*, 2015 ME 135, ¶ 22, 125 A.3d 1141 (quoting *Town of Levant v. Seymour*, 2004 ME 115, ¶ 13, 855 A.2d 1159). Generally, a court should not decide an issue that an agency has not yet had a chance to consider. *See Levesque*, 448 A.2d at 878. Similarly, "when a court is asked to intervene in the actions of an administrative body, the court [should] decline to do so unless the action has achieved, through the administrative tribunal, the stage at which it is ripe for judicial consideration." *Id.*

This court declines to accept the suggestion that MDOC has destroyed a record of a prisoner's appeal in contravention of its own policy to maintain appropriate records in disciplinary matters.[6] The fact that Parker never appealed is supported by the event log

---

[5] This grievance shows it was dismissed on March 27, 2018.

[6] *See* MDOC Policy 20.1 Proc. C(24).

that lacks a line for an appeal of the HO's decision. Additionally, a disciplinary HO at MSP swore under oath that "[t]here is no record of Michael Parker having appealed the hearing officer's decision to the prison's Chief Administrative Officer." Certificate of Harold Abbott, ¶ 5.

Because the party seeking to vacate a state agency decision has the burden of persuasion on appeal, this court denies Parker judicial review. He has not met his burden of persuasion as he has failed to come forward with evidence that he timely appealed the HO's decision. Parker could have met his burden by providing a copy of the Chief Administrative Officer's affirmation of the HO's decision. Parker did not appeal the HO's decision, nor does he provide any evidence to suggest that he did appeal it. He has therefore failed to exhaust the administrative remedies available to him. This court declines to intervene and decide an issue that is not ripe for judicial review.

## II. Substantial Evidence in the Record to Support a Finding that Parker Committed the Trafficking Violation

Even assuming that Parker filed a timely appeal to the Chief Administrative Officer, MDOC argues that the HO's decision was supported by substantial evidence in the record and therefore should be affirmed. Parker claims a lack of evidence to support the HO's decision as no contraband was found and no charges were pursued against him by outside authorities. It is significant that for a prisoner to be found guilty of a trafficking charge, no drugs actually have to enter MSP. Instead, a trafficking violation includes planning, attempt, or participation as an accessory. MDOC Policy 20.1, Proc. E.

Judicial review of an administrative agency's interpretation of its own rules is given "considerable deference" and should only be set aside when the regulation compels a contrary result, or its interpretation is contrary to the governing statute. *Friends of the Boundary Mts. v. Land Use Regulation Comm'n*, 2012 ME 53, ¶ 6, 40 A.3d 947.

6

Here, the record reflects substantial evidence contained within the SII report that Parker attempted to convince Shaw to bring drugs into MSP for him.[7] Despite Parker's argument that no contraband was found, a prisoner may be found guilty of trafficking for merely planning to traffic. MDOC Policy 20.1, Proc. E. No physical contraband needs to be seized. Parker's conversations with Shaw provide substantial evidence of his planning to traffic Suboxone, which supports the HO's decision. MDOC's interpretation of its rules does not compel a contrary result, nor is its interpretation contrary to the statute governing disciplinary action, 34-A M.R.S. § 3032(1).[8]

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED.

The clerk is directed to incorporate this Order by reference in the docket in accordance with M.R. Civ. P. 79(a).

DATED: February 25, 2019

William R. Stokes
Justice, Maine Superior Court

---

[7] Despite the confidential nature of this report, Parker has indicated to the court that he has a copy of it. *See* Petitioners Motion to Deny Respondent's Motion to File a Portion of the Certified Record Under Seal for *In Camera* Review. Nonetheless, the court granted MDOC's Motion to Seal the confidential report so that it is not publicly available.

[8] Parker's remaining arguments are without merit and are not discussed